---

### In re LEVY et al.

(District Court, N. D. New York. May 3, 1899.)

BANKRUPTCY—PARTNERSHIP—DISSOLUTION.

Under Bankruptcy Act 1898, § 5, providing that a partnership may be adjudged bankrupt "during the continuation of the partnership business, or after its dissolution and before the final settlement thereof," there is no final settlement of a firm's business so long as debts remain unpaid, although the assets of the partnership have been swept away by executions, and it has long since ceased to do business, and has been dissolved by the partners.

In Bankruptcy. This was a voluntary petition, filed by Moses Levy, asking for an adjudication of bankruptcy against himself, and also against the firm of Richman & Levy, of which he was a member. The other partner, Louis L. Richman, filed an answer to the petition, objecting to the adjudication of the firm. The referee in bankruptcy to whom the case was referred reported as follows:

I find the facts to be as follows: Prior to December 12, 1877, the said Moses Levy and Louis L. Richman, then being residents of the state of Pennsylvania, were co-partners, composing the co-partnership firm of Richman & Levy, doing business in the village of Foot of Plain, Bradford county, Pennsylvania. At the time of the filing of the petition herein by the said Moses Levy, the said

co-partnership of Richman & Levy was dissolved, and the business thereof had ceased to be continued; but there had been, and has been, no final settlement thereof. At the time of and for the six months next preceding the filing of his petition herein, the said Moses Levy resided in the village of Waverly, Tioga county, New York; and the said Louis L. Richman then resided in the city of New York, in said state, having his place of business at 89 Bowery, in said city of New York. The said partnership of Richman & Levy, so doing business in the state of Pennsylvania, and being indebted to divers persons, judgments were recovered for said debts in the court of common pleas of Bradford county in the state of Pennsylvania, the same being a court of record, in favor of the different creditors hereinafter stated, and against said partnership of Richman & Levy, or against said Louis L. Richman and Moses Levy, as such co-partners, for the respective amounts stated: April 21, 1877, in favor of John Hunter or his wife against L. L. Richman and M. Levy, for $300, with interest from March, 1877, and $15.25 costs, on which was paid $34.02, March 30, 1878, and $40 on May 10, 1878. October 12, 1877, in favor of C. Brothers against Richman & Levy, L. L. Richman, M. Levy, for $3,000 and interest from June 16, 1877, with $62.69 costs, on which there was paid as proceeds from a sale of property of the defendants upon execution, December 12, 1877, the sum of $2,791.18. October 17, 1877, in favor of C. S. Werner & Co. against Richman & Levy for $200 and interest from October 16, 1877, and $18.30 costs. October 17, 1877, in favor of C. S. Werner & Co. against Richman & Levy for $222 and interest from October 16, 1877, with $4.25 costs. October 27, 1877, in favor of John Hunter, 2d, against Richman & Levy, for $32 and interest from June 9, 1877, with $4.25 costs. February 25, 1878, in favor of Star Oil Co. against Richman & Levy for $127 and interest from February 25, 1878, with $27.67 costs. February 25, 1878, in favor of Cross & Beguelin against Richman & Levy for $868.23 and interest from December 3, 1877, with $17.80 costs. July 8, 1877, in favor of Rosendorf & Co. against Richman & Levy for $749.20 and interest from July 23, 1883, with costs $21.58. No part of said judgments has been paid, excepting as stated. And the said judgments, excepting so far as paid, as stated, are partnership debts of the said partnership of Richman & Levy, and fixed liabilities thereof evidenced by judgments absolutely owing at the time of the filing of said petition herein. Upon one or more of said judgments an execution was issued upon which all the property belonging to said partnership was taken, and the same sold, and the proceeds applied in payment upon said judgments, being the payments stated. By operation of such execution sale, the said partnership was dissolved on or about December 12, 1877. At least fifteen years before the filing of the petition herein, both said Moses Levy and said Louis L. Richman departed from the state of Pennsylvania and became residents of the state of New York, within which state they have ever since continuously resided. Since the sale on execution of the property of Richman & Levy, said partnership firm has had no assets, and has been and is insolvent. Before the commencement of this proceeding the said Louis L. Richman refused to join with said Moses Levy in petitioning for an adjudication of said partnership as bankrupt; and there has been no allegation or proof on the question whether or not said Louis L. Richman is insolvent, or has committed an act of bankruptcy. And I find and determine as conclusions of law that an order should be made adjudicating the said partnership of Richman & Levy, and the said petitioner Moses Levy, bankrupt, in accordance with the prayer of said petition.

All of which is respectfully submitted.

Roswell R. Moss, Referee in Bankruptcy.

Benjamin F. Levy, for petitioner.
Frederic E. Perham, opposed.

COXE, District Judge. The object of the petitioner is to secure a discharge from debts contracted by the firm of Richman & Levy, of which he was a member. The petition is resisted by Louis L. Richman, a former member of the firm. By general order 8, Rich-

man could have proved that the partnership is not insolvent or he could have availed himself of any defense which a debtor proceeded against is entitled to interpose by the provisions of the act. The insolvency of the co-partnership is conceded as is the existence of a large number of partnership debts, upon several of which judgments have been recovered. The principal opposition to the prayer of the petition is based upon the fact that the firm was dissolved in 1877 and that all but one of the debts are barred by the statute of limitations of this state, though the judgments are not barred in Pennsylvania, where the business of the firm was transacted. It is thought that under the peculiar phraseology of section 5 of the bankruptcy act, the petition can be sustained, there having been no "final settlement," as therein provided. The entire subject has been carefully examined by the referee and his report and opinion are so full and clear that further discussion is unnecessary. The question presented is an interesting one, but there can be no doubt that the petitioner, assuming that he conforms to the provisions of the act, is entitled to a discharge from these partnership debts and it is, at least, doubtful if this can be accomplished unless the adjudication is made as prayed for. On the other hand, it is not easy to see how Richman can be injured by such a course, especially if the debts are not now provable. The report of the referee should be confirmed and there should be an adjudication and the usual order of reference.