In re ALTMAN et al.

(District Court, N. D. New York. July 8, 1899.)

1. BANKRUPTCY—PARTNERSHIP PETITION—NONJOINDER OF PARTIES.
Where certain of the members of a dissolved partnership file their voluntary petition in bankruptcy, asking for an adjudication of themselves and also of the firm, but no notice of the proceedings is given to the other partners, who do not join in the petition, an adjudication that the petitioners, "as co-partners and as individuals," be declared bankrupt, is erroneous, and will be vacated on motion.

2. SAME.
Where certain of the members of a partnership file their voluntary petition in bankruptcy, asking for an adjudication of the firm, but the other partners do not join and are not notified of the proceedings, the defect is not cured by filing in court, after the adjudication, a paper purporting to embody the consent of the nonjoining partners, but which is unverified, qualified in its terms, and signed only by their attorneys.

In Bankruptcy.

Julius Altman and Henry Altman filed a petition in bankruptcy, praying that an adjudication in bankruptcy might be made against themselves as individuals, and also against a certain partnership of which they had been members,

and which had previously been dissolved. An adjudication was made that the two petitioners, "as co-partners and as individuals, are hereby declared and adjudged bankrupt." The other members of the late partnership did not join in the petition, and had no notice of the proceedings, but subsequently a paper was filed, signed by the attorneys of such other partners, and purporting to embody their consent to the filing of the petition. This was dated as of the same day on which the adjudication was made, but it was not presented to, or filed in, the district court until several days after the adjudication. Certain creditors having moved that the adjudication should be vacated, on the ground that the court had no jurisdiction to make an adjudication against the partnership, or against the petitioners as partners, for the want of notice to the other members, and no jurisdiction to adjudge the petitioners bankrupt as individuals, their joinder in one petition being unauthorized, the referee held that the adjudication should be vacated and set aside, and from this ruling the bankrupts bring this petition for review.

Harry L. Taylor and E. L. Falk, for petitioners.
Clarence U. Carruth, for opposing creditors.

COXE, District Judge. As pointed out by the referee, the practice of the petitioners was irregular, first, in omitting to give the required notice to the members of the co-partnership who did not join in the petition; and, second, in attempting to cure the defect in the adjudication by a subsequent unverified consent, qualified as to its terms, and signed only by the attorneys for the nonjoining members. There seems to be no warrant for this practice. The court does not feel called upon to exert its ingenuity to untangle the snarl in which the petitioners' proceedings are involved, especially when a perfectly simple remedy is open to them. It is like attempting to repair a broken-down machine with the chance that it may continue a rickety and precarious existence when a new machine may be had for less price than it will cost to patch up the old one.

Even if the infirmities of the adjudication can be temporarily cured they are liable to reappear in other tribunals, to vex the court, and, perhaps, to result in causing the discharges which may be hereafter granted to be declared invalid. Assuming that a creditor is in a position to raise the objection, in limine, that a partnership petition cannot be filed in the circumstances shown, it will be time enough to consider the question when proper papers are before the court.

The adjudication is vacated, with leave to the petitioners to take such further steps as they may be advised. Should the petitioners so elect, and the court is under the impression that such will be their wisest course, they may take an order dismissing the petition without prejudice to their right to file a new one by all the firm members.