## In re LAUGHLIN.

(District Court, N. D. Iowa, Cedar Rapids Division. September 30, 1899.)

1. BANKRUPTCY—EFFECT OF DISCHARGE—PARTNERSHIP DEBTS.

Where one member of a partnership files his voluntary petition in bankruptcy, seeking a discharge from both individual and firm debts, and is adjudged bankrupt, but no adjudication is made against the partnership as such, the creditors of the firm may prove their debts against the bankrupt, and cause his interest in the firm property to be subjected to the payment thereof, under Bankruptcy Act 1898, § 5, cl. h; and, if a proper foundation is laid in the pleadings and notices to creditors, the discharge granted to the bankrupt will release him from both classes of debts.

2. SAME—PETITION—NOTICES TO CREDITORS.

Where one member of a partnership files his petition in bankruptcy, with the object of obtaining a discharge from debts of the firm, as well as his individual debts, the petition should set forth the names of the partners, and pray for a discharge from partnership debts; the schedules should list both the petitioner's individual property and debts, and the property and debts of the firm; notices to creditors should inform them that firm creditors are affected, and that the bankrupt seeks a discharge from their debts; and notice of the filing of the petition and of creditors' meetings should be sent to the partners who have not joined.

3. SAME—AMENDMENT OF PETITION.

If the petition and schedule as originally filed do not conform to these requirements, they should be amended before an adjudication is made. If adjudication has already passed, it may be set aside, and leave granted the petitioner to amend; and thereupon an adjudication should be again entered, and the case proceeded with de novo.

In Bankruptcy. Submitted on petition for discharge, and referee's record of proceedings thereon.

John C. Leonard, for bankrupt.

SHIRAS, District Judge. This case is now before the court upon the petition for discharge; and the record of the proceedings had before the referee shows that the petition upon which the adjudication was entered was, in form, a petition on behalf of the bankrupt individually, no reference being made therein to any partnership relation between the petitioner and any third party, nor is it averred therein that the petitioner seeks a discharge from the debts due from any partnership of which the petitioner was at any time a member. In the schedule attached to the petition, and containing the names of the creditors, it is stated at the foot thereof that "all the above debts were contracted by the firm of Laughlin & Hassel, Walker, Iowa, a firm composed of Charles H. Laughlin and Robert L. Hassel, etc.," and it thus appears that all the debts existing against the bankrupt are firm debts. In no other part of the record is there any reference made to the partnership, all the proceedings having reference only to the bankrupt in his individual capacity. It thus ap-

pears on the face of the record that the only debts existing against the bankrupt are those due from the firm of Laughlin & Hassel, and yet the proceedings had affect the bankrupt only in his individual capacity. Thus the notice sent to the creditors of the first meeting is addressed to the creditors of Charles H. Laughlin, and the same is true of the notice upon the hearing for the discharge. There is therefore nothing in the record showing that the creditors of the firm of Laughlin & Hassel were notified of the pendency of any proceedings affecting their interests, and it is difficult to see upon what ground it could be claimed that the firm creditors would be barred by a discharge founded upon the record as it now stands. Under the provisions of the act now in force, I hold that one partner may institute proceedings looking to a discharge from the partnership, as well as his individual debts, and, the proper foundation being laid, that he may obtain a discharge effectual against both classes of claims. Thus, in the last clause of section 5 of the act it is provided that:

"In the event of one or more, but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

This clause, read in connection with the preceding parts of the section, clearly shows that although all the partners may not be adjudged bankrupt in a given case, and therefore the firm and its property do not become subject to the jurisdiction of the court, unless by consent of all the partners, yet the partners not adjudged to be bankrupt are required to account for the interest of the bankrupt partner in the firm business. Therefore, if one partner only is adjudged a bankrupt, but the other partners agree that the partnership property may be administered in the bankruptcy proceedings, or, not consenting thereto, they in obedience to the act, account to the trustee for the interest of the bankrupt in the firm property, the firm creditors will receive the benefit thereof; and certainly it is not the intent of the act that the firm creditors shall be enabled to reach and subject to the payment of their claims the firm property, or the bankrupt partner's interest and share in the firm property, but that the bankrupt partner cannot obtain a discharge against the firm debts, because the firm was not adjudged bankrupt.

It may be urged that the correct procedure, if all the partners will not join in a petition to have the firm adjudged to be bankrupt, is to file a petition for an adjudication, making the nonconsenting partner a defendant thereto, which, under the rule laid down by the supreme court in Medsker v. Bonebrake, 108 U. S. 66, 2 Sup. Ct. 351, may be done, and, unless cause be shown, the firm may be adjudged a bankrupt; but under the decision of the supreme court in that case, and under the express provisions of general order No. 8 (18 Sup. Ct. v.), it is open to the nonconsenting partner to defeat the adjudication against the firm by showing that the firm is not insolvent, or that it has not committed an act of bankruptcy, and in

that event the adjudication can only be had against the petitioning partner or partners; and then the last clause of section 5, already quoted, becomes applicable, and under its provisions the trustee can subject the interest of the bankrupt partner in the firm property to the payment of the debts provable in the bankruptcy proceedings. Certainly, if the interest of the bankrupt partner in the firm property can thus be reached by the trustee for the purposes of administration, the firm creditors are entitled to prove up their claims against the bankrupt estate; and under the provisions of section 17 of the act a discharge releases the bankrupt from all provable debts, save such as come within the exceptions provided for in the section. If it were held that a debtor cannot obtain a discharge from partnership debts unless the firm be adjudged a bankrupt, then the beneficent purposes of the act might be defeated in a large proportion of the cases to which it was undoubtedly intended to apply. It is a matter of common knowledge that the indebtedness from which relief is now being sought under the bankrupt act has in a great number of instances been incurred by persons associated as partners. The fact that in the majority of these cases the firms have ceased to do business, perhaps years ago, has not, however, changed the indebtedness from that of the firm to that of the individual members. If, therefore, no relief from the firm debts can be had unless the firm be adjudged a bankrupt, then in many cases it would be impossible for a debtor to obtain a release from the firm debts, if one of the partners objected to the proceedings; for, under the provisions of general order No. 8, it is open to any one of the partners to contest the adjudication against the firm, and to defeat it by showing that the firm is not insolvent, or, if insolvent, that it has not committed an act of bankruptcy. To avoid this result, provision is made in the last clause of section 5 for adjudging a part only of the members of a firm to be bankrupt, and a mode is provided for reaching their interest in the partnership property and subjecting it to administration by the bankruptcy court; and, as the act has thus made provision for giving to the creditors the benefit of the bankrupt's interest in the firm property and business, the bankrupt partners will be entitled to a discharge effectual against the firm creditors. To become entitled, however, to a discharge barring the firm creditors, under such circumstances, the proper foundation must be laid in the proceedings instituted on behalf of the bankrupt partner. In the petition originally filed it should be averred that the petitioner is indebted in his individual capacity, if such be the fact, and also as a member of a firm, naming it, and giving the names of the several partners; and the petition should pray for a discharge from the firm as well as his individual debts. To this petition should be attached the proper schedules, setting forth the firm debts, the firm property, if any, and all other matters, the same as is required in the case of a proceeding brought by all the partners. Schedules of the individual property and debts should also be attached to the petition. In the notice to the creditors to attend the first meeting, it should be stated that the firm, as well as the individual creditors, are notified to attend, as the bankrupt is seeking a

discharge from both classes of claims; and also in the petition for a discharge a release from the firm as well as the individual debts should be asked; and in the notice to creditors of the filing and hearing upon the petition for discharge the fact that a release from the firm debts is prayed for should be specifically set forth. Notice of the filing of the petition and of the creditors' meetings should be sent to the nonjoining partner or partners, in order that, if necessary, they may appear and protect their rights and interests in the proceedings. The attention of the referees in this district is called to this matter, and they are instructed that it is their duty to examine all petitions referred to them, and, if it appears that the bankrupt is seeking a discharge from firm as well as individual debts, then, if necessary, the petition and schedules must be amended so as to comply with the foregoing requirements before the adjudication is entered thereon; and care must be taken, in framing the notices to creditors, that they conform to the views herein expressed.

In the particular case now before me, as already stated, the only debts owing by the bankrupt are those due from the firm of Laughlin & Hassel; but the proceedings are in such form that a discharge would not bar them, and therefore it would be useless to grant a discharge which would be one in form only. The case is therefore returned to the referee, with instructions to set aside the orders by him entered, and to grant leave to the petitioner to amend his petition and schedules so as to conform the same to the requirements of this opinion, and, upon this being done, to enter the adjudication and proceed with the case anew in the mode herein pointed out.