## In re McFAUN.

(District Court, N. D. Iowa, Cedar Rapids Division. October 2, 1899.)

1. BANKRUPTCY—EFFECT OF DISCHARGE—PARTNERSHIP DEBTS.

Where a member of a firm files his voluntary petition, and is adjudged bankrupt thereon, but no adjudication is made against the firm, and the schedule includes debts created by the partnership, but neither the petition for adjudication, the notice to creditors, nor the application for discharge makes any reference to firm liabilities or asks relief against firm debts, such debts will not be affected by the discharge.

2. SAME—AMENDMENT OF PETITION.

Where a member of a partnership files his petition in bankruptcy, with the object of obtaining a discharge from debts of the firm as well as his individual debts, and is adjudged bankrupt thereon, no adjudication passing against the firm, but the petition, schedules, and notices to creditors do not contain the averments and information necessary to lay the foundation for a discharge effectual as against firm creditors, the adjudication may be set aside on motion of the bankrupt, and leave granted him to file an amended petition, and thereupon an adjudication may be again entered, and the case proceeded with de novo.

In Bankruptcy. Submitted on petition for discharge, and referee's record of proceedings thereon.

J. M. Dower, for bankrupt.

SHIRAS, District Judge. The schedules attached to the petition show that a large part of the indebtedness of the bankrupt consists of debts created by the firm of McFaun Bros. The petition for adjudication, the notice to creditors, and the petition for discharge make no reference to any firm liability, and do not ask any relief against firm debts. A discharge granted on this record will not, in my opinion, operate to bar the firm debts, but will only affect the debts owing by the bankrupt individually. See opinion filed in case of In re Laughlin, 96 Fed. 589, in which the proper mode of procedure in this class of cases is pointed out. The record is returned to the referee, with instructions to call attention of counsel to the views of the court in the case. If bankrupt does not wish to amend, a discharge will be granted on the present record, but it will be at risk of bankrupt, so far as the firm debts are concerned. If bankrupt wishes to amend, the referee can enter an order setting aside the adjudication heretofore entered by him, and all proceedings based thereon, and allowing an amended petition for adjudication to be filed in the form pointed out in the Case of Laughlin; the further proceedings to be in the mode therein indicated.