### In re MORRISON.

(District Court, W. D. Texas, Waco Division. January 22, 1904.)

No. 400.

**1. BANKRUPTCY—PARTNERSHIP—APPLICATION BY PARTNER—DISCHARGE—PARTNERSHIP DEBTS.**

Where a member of a firm filed a petition individually to be adjudged a bankrupt, and the petition was silent as to partnership assets and liabilities, though the schedule disclosed individual and partnership debts, and the creditors of the firm were not notified, the bankrupt was not entitled to a discharge from firm debts, though the firm had been dissolved and was without assets, and the firm debts were barred by limitation.

**2. SAME—AMENDMENT.**

Where an individual's petition for a discharge in bankruptcy by a member of a firm did not disclose partnership assets or liabilities, and the bankrupt thereafter applied for a discharge from firm debts, the proceedings should be amended so as to include firm assets and liabilities, and so as to make firm creditors parties thereto.

J. Van Steenwyk, for bankrupt.

MAXEY, District Judge. The question to be decided by the court is whether the bankrupt is entitled to a discharge in manner and form as prayed for. The record shows that Morrison filed a petition individually to be adjudged bankrupt, and an order of adjudication was passed by M. C. H. Park, referee, in accordance with the prayer of the petition. The petition for adjudication is silent as to partnership assets and liabilities, but the schedules filed disclose a few individual debts, and quite a large amount of indebtedness against the former partnership of O. K. & R. R. Morrison, a firm composed of the bankrupt and O. K. Morrison, who resides at Beaumont, Tex. The record makes no reference elsewhere to the partnership, and in his petition for discharge the bankrupt prays "that he may be decreed by the court to have a full discharge from all debts provable against his estate." It, however, appears from a sworn statement filed by the bankrupt that he seeks a discharge from firm as well as individual liabilities.

Under section 5, cl. "h," of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 547, 548 [U. S. Comp. St. 1901, p. 3424], a part only of the members of a firm may be adjudged bankrupt; but such a proceeding should be predicated upon appropriate pleadings, with proper parties, and creditors should have due notice that partnership effects are being administered, and that a discharge is sought from partnership indebtedness. The proper procedure in such cases has been clearly pointed out by Judge Shiras in the case of In re Laughlin, and his views are commended to the referees of this district. In that case (D. C.) 96 Fed. 591, 592, it is said:

"To avoid this result, provision is made in the last clause of section 5 for adjudging a part only of the members of a firm to be bankrupt, and a mode is provided for reaching their interest in the partnership property, and sub-

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 778.

jecting it to administration by the bankruptcy court; and, as the act has thus made provision for giving to the creditors the benefit of the bankrupt's interest in the firm property and business, the bankrupt partners will be entitled to a discharge effectual against the firm creditors. To become entitled, however, to a discharge barring the firm creditors, under such circumstances, the proper foundation must be laid in the proceedings instituted on behalf of the bankrupt partner. In the petition originally filed it should be averred that the petitioner is indebted in his individual capacity, if such be the fact, and also as a member of a firm—naming it, and giving the names of the several partners; and the petition should pray for a discharge from the firm as well as his individual debts. To this petition should be attached the proper schedules, setting forth the firm debts, the firm property, if any, and all other matters, the same as is required in the case of a proceeding brought by all the partners. Schedules of the individual property and debts should also be attached to the petition. In the notice to the creditors to attend the first meeting, it should be stated that the firm as well as the individual creditors are notified to attend, as the bankrupt is seeking a discharge from both classes of claims; and also in the petition for a discharge a release from the firm as well as the individual debts should be asked; and, in the notice to creditors of the filing and hearing upon the petition for discharge, the fact that a release from the firm debts is prayed for should be specifically set forth. Notice of the filing of the petition and of the creditors' meetings should be sent to the nonjoining partner or partners, in order that, if necessary, they may appear and protect their rights and interests in the proceedings. The attention of the referees in this district is called to this matter, and they are instructed that it is their duty to examine all petitions referred to them, and, if it appears that the bankrupt is seeking a discharge from firm as well as individual debts, then, if necessary, the petition and schedules must be amended so as to comply with the foregoing requirements before the adjudication is entered thereon; and care must be taken, in framing the notices to creditors, that they conform to the views herein expressed."

See, also, In re McFaun (D. C.) 96 Fed. 592; In re Hartman (D. C.) 96 Fed. 593; In re Levy (D. C.) 95 Fed. 812; In re Altman (D. C.) 95 Fed. 263.

Assuming, as the bankrupt claims, that he seeks a discharge from partnership debts, his purpose cannot be accomplished in this proceeding, although it may be true, as insisted, that the firm no longer exists, that it is without assets, and that the firm debts are barred by limitation.

The record is referred back to the referee, with instructions to set aside the orders entered by him, to permit the bankrupt to amend his petition, and to proceed thereafter in accordance with the views herein expressed.