## In re J. M. CEBALLOS & CO.

(District Court, D. New Jersey. March 27, 1908.)

**1. BANKRUPTCY—ACTS OF BANKRUPTCY—VOLUNTARY PETITION—FILING.**

The filing of a voluntary petition in bankruptcy under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), is not of itself an act of bankruptcy, but simply institutes a proceeding in which the court acquires jurisdiction to adjudge bankruptcy if the facts warrant an adjudication.

**2. SAME—PARTNERSHIP.**

The filing of a petition in bankruptcy by one partner against his copartners is not an act of bankruptcy on the part of the firm.

**3. SAME—PETITION, AUTHORITY TO FILE—RIGHT OF PARTNER.**

Bankr. Act July 1, 1898, c. 541, § 5a, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424), declares that a partnership may be adjudged bankrupt, and section 5h provides that in the event of one or more, but not all of the members of the firm being adjudged bankrupts the partnership property shall not be administered in bankruptcy, unless by the consent of the partner or partners not adjudged bankrupt, such partner or partners being authorized to settle the partnership business, and account for the interest of the partner or partners adjudged bankrupts. *Held*, that under such sections and General Order 8 (32 C. C. A. xi), providing that any member of a firm refusing to join in a petition to have the partnership declared a bankrupt shall be entitled to defend, etc., one partner may file a bankruptcy petition against the firm and his partners.

**4. SAME—CONTESTING PARTNERS—ADJUDICATION.**

Where a bankruptcy petition is filed by a member of a firm against the firm and his partners, it is involuntary in so far as it affects the non-consenting partners, who cannot, as individuals, be adjudged bankrupts, in the absence of an allegation that they, or either of them, committed an act of bankruptcy within four months before the petition was filed.

**5. SAME—PETITION BY INDIVIDUAL PARTNERS.**

Under Bankr. Act July 1, 1898, c. 541, §§ 5a, 5h, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424), and General Order 8 (32 C. C. A. xi) providing for the administration of the affairs of a partnership in bankruptcy, a court of bankruptcy has power to adjudge a partnership bankrupt on petition of one of its members against the objection of the others, though the petition was filed more than four months after a general assignment of all the partnership assets for the benefit of creditors, on the allegation that the partnership and its individual members are insolvent.

**6. SAME—DEFENSES.**

It is no defense to a bankruptcy proceeding against a partnership, on petition of one of its members, that the firm is without assets, having transferred all of its property to an assignee for the benefit of creditors more than four months prior to the filing of the bankruptcy petition.

In Bankruptcy. On petition and answers.

William Osgood Morgan, for petitioner.

R. V. Lindabury, for respondents.

LANNING, District Judge. The petitioner, Anderson C. Wilson, on September 4, 1907, filed his petition alleging that he and the respondents, Juan M. Ceballos and John S. Fiske, have been partners, doing business under the firm name of J. M. Ceballos & Co.; that the firm had its principal place of business in New York City until October 10, 1906, when the partnership business was discontinued; that his residence and domicile has been, for the greater portion of six months next preceding the filing of his petition, in New Jersey; that the partnership is insolvent and owes debts in excess of $1,000, which it is unable to pay in full; that each of the partners is insolvent and owes debts in excess of $1,000, which he is unable to pay in full; that he and the partnership are willing to surrender all their property for the benefit of their creditors, except such as is exempt by law, and desire to obtain the benefit of the acts of Congress relating to bankruptcy; that each of his partners, who reside in the state of New York, refuses to join in his petition; that neither of his partners is a wage-earner or a person chiefly engaged in farming or the tilling of the soil; that the partnership has been dissolved, but that there has as yet been no final settlement of its business; and that the schedules annexed to his petition contain full and true statements of the assets and debts of the partnership, and of his individual assets and debts, and of his and its creditors. The prayer is that the partnership and all its members may be adjudged bankrupt, that the petitioner be discharged from his individual debts and from the debts of the partnership, and that a copy of the petition and a subpoena be served on each of the nonassenting partners, and such proceedings had as are provided in General Order 8 (32 C. C. A. xi).

The schedules annexed to the petition show that on October 10, 1906, the partnership made a general assignment for the benefit of its creditors, under the law of the state of New York, to William V. Rowe, and that the assignment did not convey to the assignee any of the property of the petitioner, for the reason that under the partnership agreement none of the partnership property belonged to the petitioner; he having only an interest in the profits of the partnership and in certain contingent assets of the firm.

Juan M. Ceballos and John S. Fiske have filed separate answers, the same in substance and form, alleging that the petitioner has no standing to present his petition, because it appears by it and the schedules annexed thereto that the partnership was dissolved prior to its presentation, that under the partnership agreement the petitioner had no interest in the assets of the partnership, that there are no assets of the partnership, and that the petition contains no allegation that either of the respondents committed any act of bankruptcy within four months prior to the filing of the petition. The answers also admit that the principal place of the firm's business was in New York City, and that that business was discontinued on October 10, 1906. They set forth certain of the provisions of the partnership agreement, showing the petitioner's interest in the partnership business, and allege that on October 10, 1906, the partnership made a general assignment, without preference, to William

V. Rowe for the benefit of its creditors; that thereupon the partnership was dissolved; that the assignment was made pursuant to a statute of the state of New York; that Rowe accepted the deed of assignment, qualified as assignee, and is now administering his trust as assignee; that since the assignment the partnership has had no assets; that neither of the respondents committed any act of bankruptcy within four months prior to the filing of the petition; and that neither the partnership nor either of the respondents should be adjudged bankrupt.

After the answers were filed, the petitioner was given leave to amend his schedules in such manner as to show that he had an interest in certain of the assets of the partnership.

No proofs have been taken. The cause has been argued on the petition and the answers thereto. The single question presented for decision is whether the court can adjudge a partnership and its individual members bankrupt on a petition of one of its members, against the objection of the other members, when the petition was filed more than four months after a general assignment of all the partnership assets for the benefit of its creditors, and on the mere allegation of the insolvency of the partnership and its individual members. The question is not free from difficulty.

The cases decided under the provisions of Bankr. Act March 2, 1867, c. 176, 14 Stat. 517, as well as those decided under the existing act, are relied on by the counsel for the petitioner to support the present proceeding. It is important, in considering the cases decided under the act of 1867, to bear in mind the provisions of that act. Section 11 expressly provided that the filing of a voluntary petition should be an act of bankruptcy. The present bankruptcy act contains no such provision. The filing of the voluntary petition in bankruptcy, under the present law, is not an act of bankruptcy. It simply institutes a proceeding in which the court acquires jurisdiction to adjudge bankruptcy if the facts warrant adjudication. It follows that the filing of a petition by one partner against his copartners cannot be deemed an act of bankruptcy on the part of the partnership.

Section 36 of the act of 1867 prescribed the procedure where two or more persons, being partners in trade, had been adjudged bankrupt on the petition of any one of them. Such a proceeding differed from one in voluntary bankruptcy, instituted under the authority of section 11 of the act, in that its object was in part to secure an adjudication of bankruptcy against persons not petitioning for it, and also from a proceeding in involuntary bankruptcy, instituted under the authority of section 39 of the act, in that the petitioner was not obliged to aver an act of bankruptcy, although he might do so if a partnership act of bankruptcy had been committed by any one of his copartners. It was a voluntary proceeding as to the petitioner, and involuntary as to his objecting copartners. The position of nonassenting partners in such a proceeding doubtless induced the promulgation, by the Supreme Court, of General Order 18, under the act of 1867, which gave a nonassenting partner the right "to resist the prayer of the petition in the same manner as if the petition

had been filed by a creditor of the partnership," and also the right "to appear at the time fixed by the court for the hearing of the petition, and to make proof, if he can, that the copartnership is not insolvent, or has not committed an act of bankruptcy, and to take all other defenses which any debtor proceeded against is entitled to take by the provisions of the act." The construction given to this order was, as I understand it, that it authorized the nonassenting partners to set up, as a defense, a denial of any jurisdictional fact alleged in the petition, and nothing more. If the petition alleged insolvency of the partnership, it was sufficient, without adding that there had been a partnership act of bankruptcy. See In re Penn, Fed. Cas. No. 10,927; In re Noonan, Fed. Cas. No. 10,292; In re Stowers, Fed. Cas. No. 13,516.

While the present bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) contains no provision expressly authorizing a partner to file a petition against his copartners, such power must be implied from section 5 of the act and General Order 8 which, in substance, embodies the language of General Order 18, promulgated under the act of 1867. Section 5a declares that a partnership may be adjudged bankrupt, and in this respect goes farther than did the act of 1867, which provided simply that "two or more persons who are partners in trade" might be adjudged bankrupt. Section 5h is as follows:

"In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

This last provision, especially when read in connection with the other provisions of section 5, concerning the method of administering the partnership property and the property of the individual members of the partnership in the same proceeding, seems to show a legislative intent to authorize petitions to be filed in partnership cases, not only by all the partners in a purely voluntary proceeding, or by creditors of the partnership in a purely involuntary proceeding, but by one partner against his copartners. Except for this legislative intent General Order 8 would not have been promulgated. It is true that section 59 contains the only provision of the act that expressly defines who may file a petition in proceedings to have a debtor adjudged an involuntary bankrupt, and that that provision is confined to creditors. It is also true that section 5, when read with section 59 only, is consistent with the theory that adjudication against a partnership can be made only on a petition filed by creditors in an involuntary proceeding. But section 4a declares that "any person who owes debts, except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt," and section 1 declares that the word "persons" as used in the act, unless inconsistent with the context, shall be construed to include partnerships. If a partner may not file his petition against his copartners to have the partnership adjudged bankrupt, except with their consent, or

unless they have committed a partnership act of bankruptcy, there is no proceeding provided by which he may be discharged from his partnership debts. If this be the law, he is, notwithstanding the express provisions of section 4a, not entitled to the benefits of the act as a voluntary bankrupt.

But this proceeding is voluntary as to the petitioner, and involuntary as to his two copartners. The petitioner is therefore entitled, as an individual at least, to adjudication. The two copartners cannot, as individuals, be adjudged bankrupt, for the reason that it is not alleged that either of them committed an act of bankruptcy within four months before the petition was filed, and also for the reason that the petition is filed against them by a copartner, and not by creditors. The doctrine that a partnership is to be regarded, within the purview of the present bankruptcy act, as a legal entity is one that seems to be settled by In re Meyer, 98 Fed. 976, 39 C. C. A. 368, and In re Mercur, 122 Fed. 384, 58 C. C. A. 472, decided by the Circuit Courts of Appeals for the Second and Third Circuits. In a purely voluntary proceeding in which all the partners join in the petition, or in a purely involuntary proceeding in which creditors are the petitioners, it comes or is brought into court with its members. In a proceeding like the present one, where a single partner files his petition against all the other partners, it is likewise in court with its members. But a single partner cannot maintain a petition to have his partnership adjudged a voluntary or an involuntary bankrupt in the sense in which these terms are generally used. If he can neither maintain a petition to have his partnership adjudged bankrupt, on the sole ground of the insolvency of the partnership and all its members, nor on the sole ground that the partnership has, through one or more of its nonjoining partners, committed an act of bankruptcy, General Order 8 is a nullity; for it has no other purpose than to prescribe the practice for the class of cases where less than all the partners file a petition to have the partnership adjudged bankrupt. The reasonable view to take of the matter is that General Order 8, promulgated under the act of 1898, and General Order 18, promulgated under the act of 1867, though similar in language, differ in their operative effects. The act of 1867 did not authorize an adjudication against a partnership as a separate entity. An adjudication against a partnership under that act was merely one against its members as copartners. When a nonpetitioning partner appeared, under the provisions of General Order 18, to resist adjudication against his firm, he was resisting adjudication against himself as an individual. Such is not the effect of General Order 8, promulgated under the present bankruptcy act. All that a nonjoining partner may do under it is to resist adjudication against the partnership as a separate entity. In doing so he can defend only against the allegations contained in the petition. If he considers the petition demurrable, he may demur. If not, he may answer. In the present case the only ground on which the petitioner asks for adjudication against the partnership is the insolvency of it and its partners. His copartners have not objected, by formal de-

161 F.—29

murrers, that the petition is for that reason defective, but have filed answers, in which they have set up other defenses without denying the insolvency of themselves or of the partnership. I think a petition by a single partner, praying adjudication against his partnership, either on the sole ground of the insolvency of the partnership and all its partners, or on the sole ground that the partnership has, through one or more of the nonjoining partners, committed an act of bankruptcy, is good.

The petitioner alleges that his partnership and all its members are insolvent, and—

"that he and the partnership are willing to surrender all their property for the benefit of their creditors, except such as is exempt by law, and desire to obtain the benefit of the acts of Congress relating to bankruptcy."

He has prayed for adjudication of bankruptcy for his partnership and all its members. He has annexed to his petition schedules of his personal assets and liabilities and of his partnership's assets and liabilities, together with a list of the creditors of each. He has thereby laid the basis for the procedure defined in the Laughlin Case (D. C.) 96 Fed. 589, provided this is a case in which the partnership creditors should elect a trustee. But, in view of the provision of section 5h that, where one or more, but not all, of the members of a partnership are adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by the consent of the partner or partners not adjudged bankrupt, is this such a case? General Order 8, and section 5h must be so construed, if possible, that both may stand. If section 5h be construed not to apply to a case where a partnership and all its partners are insolvent, the two provisions are harmonized. More than that, the petitioning partner, being a "person who owes debts," will thereby be enabled to have the partnership property administered in bankruptcy, and not by insolvent partners who have escaped adjudication, and to secure a discharge from his partnership debts, which is one of the "benefits" intended to be secured to him by the provision of section 4a. I think section 5h should be so construed. As was said by the Circuit Court of Appeals in the Mercur Case, 122 Fed. 384, 58 C. C. A. 472, in adopting the opinion of Judge Archbald, that section "merely preserves to an existing solvent partner the right to administer the affairs of the partnership if he wants to, and it is not to be carried further by mere implication." The procedure suggested in the Laughlin Case should be followed.

The defense set up in the answers that the partnership is without assets is not valid. It may be that it has no assets which a trustee in bankruptcy will be entitled to take possession of. As the partnership assignment to Rowe was made more than four months before the petition in bankruptcy was filed, the trustee could not recover from the assignee under the provisions of section 67e. It is doubtful, perhaps, if he could recover under the provisions of sections 60a and 60b, or of section 70e. It is not necessary, however, to decide this question at the present time, for it is not now before the court, and it is not essential to a proceeding in bankruptcy that

the alleged bankrupt shall have assets. In re Hirsch (D. C.) 97 Fed. 571.

An adjudication will be denied as to Ceballos and Fiske as individuals, and granted as to Wilson and the partnership.