# IN THE MATTER OF THE CITY CONTRACTING & BUILDING COMPANY, A COPARTNERSHIP, AN ALLEGED BANKRUPT.

## December 17, 1912.

*Bankruptcy—Partnership petition—Non-joining partner—Notice:* In a proceeding in which one of the members of a copartnership petitions for the adjudication of the firm as a voluntary bankrupt, the adjudication is vacated upon it appearing that one of the partners did not actu-

ally authorize, or consent to, the petition made for and in his behalf, and was not given notice either of the filing of the petition or of the hearing thereon.

*In Bankruptcy:* On motion to vacate order to file schedules.

*Lorrin Andrews* for petitioning partner, Wong Hong Yuen.

*F. Schnack* for partners Chun Ping and Lau Chung.

*J. W. Russell* (*Thompson, Wilder, Watson & Lymer* with him) for partners Au Tin Kwai and Au Ne Chong.

*I. M. Stainback* (*Holmes, Stanley & Olson* with him) for Allen & Robinson, Ltd., and Hoffschlaeger Company, Ltd., creditors.

*E. W. Sutton* (*Smith, Warren & Hemenway* with him) for the trustee.

CLEMONS, J.  The petition of four members of this copartnership, for adjudication of the firm as a voluntary bankrupt, was signed by one of them with the words "For City Contracting & Building Company" written below his name; it was also verified by him in behalf of the company though in a form not approved for a case of this kind because, if verification by proxy be allowable at all, the showing of authority to verify for the other members was not distinct and unequivocal. Annexed to the petition were schedules of the assets and liabilities of the copartnership, but not of the individual members. After adjudication and upon motion of the creditors to require the alleged members (and others who, they averred, were also actually members of the firm and should be brought into the administration) to file schedules of their own personal assets and liabilities as contemplated by official form No. 2 prescribed by the Supreme Court, it appeared that one of the partners had not actually authorized, or consented to, the petition, and

moreover had not been served with subpoena or with a copy of the petition, or given any notice either of the filing of the petition or of the hearing thereon. At the hearing on the petition the court understood that all the partners named in the petition had authorized the petition and consented thereto, though not signing it or joining in the verification. Counsel's statement of his understanding of such consent and authority given by all four partners together present in his office when the financial condition of the firm was under discussion and bankruptcy was advised by him, is evidently the truth, but he was clearly negligent in not getting the written consent of all, or, best, having all join in the petition and verification thereof (especially as misunderstanding was easy through the fact that the partners, some or all, spoke only a foreign language); or at least there was negligence in not seeing that a subpoena, together with a copy of the petition, was served upon all members other than the one who signed the petition. And the present judge confesses his own negligence in taking the understanding of counsel expressed in open court instead of insisting that, in accordance with the ordinary practice, every member of the firm actually join in the petition by endorsement and verification, or else be duly served with a copy thereof and with subpoena.

To adopt the ruling of Judge Coxe in a similar case, *In re Altman*, 95 Fed. 263, 2 Am. B. R. 407, let the adjudication of bankruptcy be vacated. See 1 Remington on Bankruptcy, sec. 68. Also let the order appointig a trustee be set aside. Moreover, it appearing that the trustee has taken possession of assets of this firm, a motion will be entertained for his appointment as receiver under a proper bond to hold and preserve these assets and any other firm assets pending a new hearing of the petition upon due notice thereof to the non-joining partner—the other partners who did not actually sign the petition having meantime appeared in open court and expressed their consent thereto and one of them

having since filed his individual schedules.   It is, also, suggested that an amended petition of the consenting partners be prepared for service, following official form No. 2 and Collier's supplementary form No. 117, Collier on Bankruptcy, 9th ed. 1226, with the individual schedules as well as the firm schedules annexed.

*Reported,* 29 Am. B. R. 171.