### In re OLLINGER & PERRY.

(District Court, S. D. Alabama. August 12, 1921.)

Bankruptcy ⟨=⟩44—Petition against partnership by one partner must allege insolvency and act of bankruptcy.

Bankr. Act, § 5a (Comp. St. § 9589), providing that a partnership may be adjudged a bankrupt, treats a partnership as an entity, and in view of General Order in Bankruptcy No. 8, providing that a member of a partnership who refuses to join in a petition to have the partnership declared bankrupt "shall be entitled to resist the prayer of the petition in the same manner as if the petition had been filed by a creditor of the partnership," that he shall be served with notice, and "shall have the right to appear * * * and to make proof if he can that the partnership is not insolvent or has not committed an act of bankruptcy and to make all defenses which any debtor proceeded against is entitled to take by the provisions of the act," a petition filed against a partnership by one partner alone must conform to the requirements of an involuntary petition and must allege insolvency and an act of bankruptcy by the partnership.

In Bankruptcy. In the matter of Ollinger & Perry, a partnership, alleged bankrupt. On demurrer to petition. Demurrer sustained.

R. H. & R. M. Smith, of Mobile, Ala., for Perry.·
Stevens, McCorvey, McLeod & Goode, of Mobile, Ala., for Ollinger:

ERVIN, District Judge. This was a petition in bankruptcy by Perry against Ollinger & Perry as a partnership and Charles G. Ollinger as an individual, seeking to have himself and the firm of Ollinger & Perry and Charles G. Ollinger declared bankrupt.

The petition filed by Perry is on form No. 2 with the necessary changes so as to show that the said Charles G. Ollinger was not consenting to the adjudication of himself or the partnership as bankrupts.

It did not contain any statement that the partnership was insolvent, nor does it allege any act of bankruptcy as having been committed by it or by Ollinger.

Ollinger demurs on the ground of failure to allege an act of bankruptcy as having been committed by the partnership.

The demurrer raises a question on which the decided cases and text-books all seem to have taken one side. Loveland on Bankruptcy (4th Ed.) 524; Collier (12th Ed.) 177; Brandenburg (4th Ed.) § 193; Remington (2d Ed.) § 73.

The text-books state the names of the cases holding that no act of bankruptcy by the firm need be alleged.

I am, however, so firmly convinced that these decisions have grown out of a misconception by the courts, which misconception was fol-

lowed by the text-books, that I feel it incumbent upon me to explain my views upon the question.

Section 5 of the Bankruptcy Act reads as follows:

"(a) A partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged bankrupt." Comp. St. § 9589.

After much discussion among the authorities as to the separate entity of the partnership, as such, they are now practically unanimous in holding that the adjudication of the firm as an entity is provided for by this act.

The Supreme Court under authority of Congress prepared general orders and forms in bankruptcy. Form of petition No. 1 is a debtor's petition for voluntary bankruptcy.

Form No. 2 is a partnership voluntary petition, and an examination of this form will show that it was contemplated by the court and expressly prepared by it so that it should be signed by all of the partners of the firm. Following the statement contained in the petition for voluntary adjudication of an individual, No. 2 states that said partners owe debts which they are unable to pay in full; that said partners are willing to surrender all their property for the benefit of their creditors except such as are exempt by law, and desire to obtain the benefit of the acts of Congress relating to bankruptcy.

The prayer is that said firm may be declared bankrupt.

It then provides for certain schedules of the partnership creditors and property and for the individual creditors and property.

Form No. 3 is a creditor's petition seeking to have the debtor declared an involuntary bankrupt, and there is written into the statement of facts in this form the following;

"That your petitioner further represent that said ——— is insolvent, and that within four months next preceding the date of this petition, the said ——— committed an act of bankruptcy, in that he did heretofore, to wit, on the ——— day of ———."

These are all the forms prepared by the Supreme Court of petitions to have any one declared bankrupt whether voluntary or involuntary, but it was undoubtedly intended by the court that the necessary allegations written into these forms should be copied into the petitions when prepared, according to the facts necessary to be stated, whether for involuntary or voluntary adjudication, so that form 3—the creditor's petition—should be used against any one who is sought to be declared an involuntary bankrupt, while forms 1 and 2 should be used in voluntary cases.

The Supreme Court prepared at the same time general orders, and No. 8 of these orders reads as follows:

"Any member of a partnership who *refuses to join* in a petition to have the *partnership* declared bankrupt, shall be entitled to resist the prayer of the petition in the *same manner* as if the petition had been *filed by a creditor of the partnership*, and notice of the filing of the petition shall be given to him in the *same manner as provided by law and by these rules* in the case of a *debtor petitioned against*; and he shall have the right to appear at the time fixed by the court for the hearing of the petition, and to make proof, if he

can, that the partnership *is not insolvent or has not committed an act of bankruptcy*, and to make *all defenses* which any *debtor proceeded against* is entitled to take by the provisions of the act. * * *" (Italics mine.)

The Supreme Court had an order similar to this as applied to the bankrupt act of 1867 (14 Stat. 517), and it was held by the lower courts that it was not necessary to allege an act of bankruptcy by a partnership where the petition was filed by one of the partners; but the Supreme Court speaking of the effect of this order in the case of Medsker v. Bonebrake, 108 U. S. 66, 2 Sup. Ct. 351, 27 L. Ed. 654, says that, where one partner was brought in under the petition of the other partner, it was a case of involuntary bankruptcy as to such partners so brought in.

If it is an involuntary proceeding, must not the statements of fact or charges contained in the involuntary form be used?

Now there is this difference between the act of 1867 and the act of 1898 in reference to partnerships, in that the act of 1898 confers the right to declare the partnership bankrupt as a separate entity, which the act of 1867 did not do.

If there was no power to declare the firm bankrupt under the act of 1867, then there was no necessity to allege the commission of an act of bankruptcy by it.

In the case of In re Forbes (D. C.) 128 Fed. 137, it is said that it is not necessary to allege an act of bankruptcy in the petition by one partner against the firm, but is necessary to allege insolvency. The following language is used:

"Neither the act of July 1, 1898, * * * nor the act of March 2, 1867, * * * nor the general practice of courts of bankruptcy under either act, has required an allegation of an act of bankruptcy in a petition filed by one partner to bring into bankruptcy his partnership and partners.

"The act of 1898 does not require an allegation of insolvency, though the allegation that the partners are unable to pay their debts, which is contained in form No. 2, promulgated by the Supreme Court under authority of the act, comes almost to the same thing. On the other hand, general order No. 8 under the act of 1898 and general order 18 of the act of 1867 alike have provided that a partner refusing to join in a partnership petition filed by his copartner is entitled to resist the prayer of the petition as if it had been filed by a creditor, and 'shall have the right * * * to make proof if he can that the partnership is not insolvent or has not committed an act of bankruptcy.' The general order thus appears to provide that the nonassenting partner may disprove that which the petitioning partner need not allege."

The court seems to overlook the fact that the general orders are as effective as the provisions of the act itself, and further that form No. 2, providing for a voluntary petition by partners, contemplated that it is to be signed by all of the partners. It was not prepared for nor intended to be used where one of the partners objected. The Supreme Court in form No. 1 for a voluntary petition to be used by an individual used the same language as in the voluntary petition to be used by partners, namely, "That he owes debts which he is unable to pay in full." No direct allegation of insolvency is used, and no allegation of an act of bankruptcy.

Form No. 3, the creditor's petition, contains the allegation:

"And your petitioners further represent that said ——— is insolvent, and that within four months next preceding the date of this petition, the said ——— committed an act of bankruptcy, in that he did heretofore, to wit, on the ——— day of ———— "

—leaving the blank space of the statement for the act of bankruptcy alleged to have been committed.

Now it seems to me that when the court wrote general order No. 8 it must have intended that, where a partner of a firm refuses to join in the petition with the other partners or partner, the petition must contain the statement of facts contained in form No. 3 wherein is a charge of insolvency and the commission of an act of bankruptcy, which such nonassenting partner may deny.

If the proceeding becomes an involuntary one as to the partnership by virtue of one of the partners refusing to join, as held in Medsker v. Bonebrake, then it follows that the allegations in the involuntary form should be used, and this is made more manifest by the language of order 8 giving such nonassenting partner the right to resist the prayer in the same manner as if the petition had been filed by a creditor, and to make all defenses which any debtor proceeded against is entitled to make, and specifically giving such nonassenting partner the right to prove, if he can, that the partnership is not insolvent or has not committed an act of bankruptcy.

Bearing in mind that proof by a debtor proceeded against that he is not insolvent or that he has not committed an act of bankruptcy is a complete defense, it necessarily follows that order 8 puts the partnership in the same position when there is a nonassenting partner.

The language used can mean nothing else as I see it.

The petition against a debtor in an involuntary proceeding must allege both insolvency and an act of bankruptcy.

The commission of an act of bankruptcy is indispensable to jurisdiction in an involuntary proceeding. In re Meyer, 98 Fed. 979, 39 C. C. A. 368.

If order 8 defines the petitioning partner's petition as an involuntary one as to the firm, it is necessary that it should contain all the essential allegations of an involuntary petition, including the allegations of insolvency and an act of bankruptcy.

If the proceeding against the firm is involuntary, then it must be conceded that the petitioning partner is required to make the same allegations that the petitioning creditor would make against the same partnership.

So construed, general order 8 is in harmony with the forms and no inconsistency is found. There is then no requirement that the nonassenting partner may disprove "that which the petitioning partner need not allege." But there is a requirement that the petitioning partner must allege that which the nonassenting partner may deny.

It is now agreed that the nonassenting partner as an individual cannot be declared bankrupt unless an act of bankruptcy is alleged to have been committed by him. Junck v. Balthazard (D. C.) 169 Fed. 481; In re Ceballos & Co. (D. C.) 161 Fed. 449.

Conceding the partnership is a separate entity which may be de-

clared bankrupt, I ask why the same rule which is applied to the non-assenting partner is not applied to the partnership?

The reading of order 8 will show that it does not limit the right of the nonassenting partner to defend as to personal charges; on the contrary, it permits him "to make proof, if he can, that the partnership is not insolvent or has not committed an act of bankruptcy."

Now, in the face of this language, it must be conceded that if such nonassenting partner can prove either that the firm was not insolvent or had not committed an act of bankruptcy, no adjudication can be made against the firm.

Now if order 8 makes no distinction, as a ground for denying adjudication against the partnership, between insolvency and an act of bankruptcy committed by the firm, then I ask where did the courts get authority to make such a distinction?

The rule does not stop here, because after enumerating these two express grounds which the nonassenting partner may show, it then proceeds to say that he may "make all defenses which any debtor proceeded against is entitled to take by the provisions of the act."

It will be conceded that, where the debtor is proceeded against, the allegations used in form No. 3 must be stated in the petition, and further that if proof is made that the debtor was not insolvent, or that he had not committed an act of bankruptcy, no adjudication can be made.

Now rule 8 says that the nonassenting partner shall be entitled to resist the prayer of the petition in the same manner as if the petition had been filed by a creditor of the partnership, and notice shall be given him in the same manner as of a debtor petitioned against, and that it shall be open to him to make all defenses which any debtor proceeded against is entitled to make; now if in the proceedings against the debtor it is necessary to allege insolvency and an act of bankruptcy both, and the debtor can defeat this proceeding by disproving either one of these allegations, how can it be contended that the nonassenting partner is proceeded against in the same way, and is given the same defenses which the debtor has, if you deprive such nonassenting partner of either of these rights which are given to the debtor?

I have seen no case in which it has been undertaken to explain this difference between the right given the nonassenting partner and the right given the debtor according to the rulings of the courts I am criticizing. How can I draw a distinction between the manner in which the debtor may resist a creditor, and the manner in which a nonassenting partner may resist the copartner, when the Supreme Court says the rights and defenses of each are the same?

To draw such a distinction or to refuse to follow the declaration of the rule so plainly laid down by the Supreme Court seems to me necessarily to say that the court either did not know what it was writing when it wrote rule 8, or that it wrote what it did not intend to say.

Construing rule 8 as requiring the petitioning partner to proceed as an involuntary creditor, and so, to use the allegations contained in form 3 enables me to give effect to every provision contained in rule

8 and makes it also consistent with the forms. It is the only way I can see by which the nonassenting partner can be given the same rights as are given to a debtor proceeded against.

It may be said this construction of rule 8 would require a hybrid petition, voluntary as to petitioner and involuntary as to the partnership. It would be not more hybrid than it is now under the decisions as to the nonassenting partner.

The only effect would be to put the partnership in the same involuntary class as a nonassenting partner.

There was much discussion, shortly after the act of 1898 was passed, as to whether one partner could get a discharge from the partnership debts without an adjudication of the partnership as a separate entity. Some courts held it could not be done; others, that it could.

The ruling in Re Laughlin (D. C.) 96 Fed. 589, where it is held that a partner could get a discharge from the partnership debts without an adjudication of the partnership and the method of procedure laid down to accomplish this, seems to me conclusive on that question and eliminates the only hardship I can see in the construction I have placed upon rule 8.

A decree will therefore be entered sustaining the demurrer to the petition.