## In re MEYER et al.

(Circuit Court of Appeals, Second Circuit. December 7, 1899.)

### No. 52.

1. BANKRUPTCY—PARTNERSHIP.

Under Bankr. Act 1898, § 5, a partnership is a "person" or entity which may be adjudged bankrupt upon its voluntary petition, or in involuntary proceedings, if it has committed an act of bankruptcy, irrespective of any adjudication of the individual partners as bankrupts; and the adjudication of the firm will subject the separate estates of the partners, as well as the firm property, to administration in bankruptcy.

2. SAME—ADJUDICATION OF INDIVIDUAL PARTNER.

Upon a petition in involuntary bankruptcy against a firm and its members, no adjudication can be made against a partner who has not committed, or participated in committing, any of the acts specified in the statute as acts of bankruptcy.

**3.** SAME—ADJUDICATION OF FIRM.

Where an act of bankruptcy has been committed by an insolvent firm, as such, it may be adjudged bankrupt on the petition of its creditors, although some of the partners have not committed, nor participated in committing, any act upon which they, as individuals, could be adjudged bankrupt.

**4.** SAME—ACTS OF BANKRUPTCY—ASSIGNMENT FOR CREDITORS.

Under Bankr. Act 1898, § 3a, cl. 4, providing that it shall be an act of bankruptcy if a person shall have "made a general assignment for the benefit of his creditors," such an assignment is an act of bankruptcy, although made without preferences, **without actually intending to defraud creditors,** and without insolvency.

**5.** SAME—"GENERAL" ASSIGNMENT.

An assignment by a partnership for the benefit of its creditors, purporting to transfer all the property of the firm, is a "general assignment," such as to constitute an act of bankruptcy by the firm, and on which the firm may be adjudged bankrupt, although, considered as an assignment by the individual partners, it would be but partial, by reason of not including their separate property.

**6.** SAME—VALIDITY OF ASSIGNMENT.

Upon a petition in involuntary bankruptcy against a firm, alleging, as an act of bankruptcy, the making of an assignment for the benefit of its creditors, which purports to transfer all the property of the firm, though it was executed by one partner only, the question of the validity of the assignment as to the partners not joining is immaterial; for the language of the bankruptcy act applies to any instrument which is or purports to be a general assignment, without distinguishing between valid and invalid instruments.

**7.** SAME—ASSIGNMENT BY ONE PARTNER—ADJUDICATION.

Where the liquidating partner of an insolvent firm makes a general assignment of the firm's property for the benefit of its creditors, it is an act of bankruptcy, upon which such partner, as an individual, may be adjudged bankrupt.

**8.** SAME—APPEAL—INTERVENING CREDITORS.

Creditors who appear in opposition to a petition in involuntary bankruptcy against their debtor, and contest the adjudication thereon, as authorized by the bankruptcy act, have a right to appeal from a decree of the district court making the adjudication.

**9.** SAME—INTERVENTION AND APPEAL BY ASSIGNEE.

Where the act of bankruptcy charged in an involuntary petition against a partnership is the transfer of its property to an assignee for the benefit of its creditors, such assignee is entitled to appear and contest the petition, and, having been permitted to intervene and be heard, he has a right to appeal from the decree of the district court adjudging the firm bankrupt.

Appeal from the District Court of the United States for the Eastern District of New York.

From an adjudication of bankruptcy against the firm of Meyer & Dickinson, and against Henry L. Meyer, one of the partners, on the petition of the Chemical National Bank and other creditors (92 Fed. 896), this appeal is taken by Marcuard, Krauss & Co., intervening creditors, and Charles W. Sparhawk, assignee for the benefit of creditors.

George W. Wickersham, for appellant assignee.

F. W. Hinrichs, for appellants creditors.

George H. Yeaman and Edward L. Perkins, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. Upon the petition of the creditors of the partnership of Meyer & Dickinson against Henry L. Meyer and Joseph R. Dickinson, as the surviving members, and the answers of the surviving members, the court below adjudicated the partnership and Henry L. Meyer individually bankrupts. The facts alleged and admitted were these: Prior to August 14, 1898, Charles H. Meyer, Henry L. Meyer, and Joseph R. Dickinson were partners in trade at Philadelphia and New York under the firm name of Meyer & Dickinson. Charles H. Meyer died August 14, 1898. August 19, 1898, Henry L. Meyer, as liquidating partner, executed to Charles W. Sparhawk an assignment of all the assets of the partnership, without preferences, for the benefit of its creditors. At the time the partnership was insolvent. Dickinson had not contributed any capital, and did not participate in the management of the partnership, and was not consulted, and did not expect to be consulted, about the assignment. The assignment was duly recorded in Philadelphia and New York; and Sparhawk accepted the assignment, and proceeded to collect the assets transferred.

The appellants insist that no act of bankruptcy was established; that the assignment was not a general assignment by either of the parties, or a valid one by the partnership; that Meyer was improperly adjudged a bankrupt; and that, as neither partner should have been adjudged a bankrupt, the court was without authority to adjudge the partnership bankrupt.

By the provisions of section 5 of the bankrupt act, "a partnership," during the continuance of the business, or after its dissolution and before the final settlement of its business, may be adjudged a bankrupt, and jurisdiction of all the partners and the administration of the partnership and individual property is conferred upon any court of bankruptcy having jurisdiction of one of the partners. The section provides that the creditors of the partnership shall appoint the trustee; that the trustee shall keep separate accounts of the partnership property and of the individual property; that the expenses shall be paid from the partnership property and the individual property in such proportion as the court may determine; and that the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and any surplus added to the assets of the individual partners, and the net proceeds of the individual estate of each partner shall be appropriated to the payment of his individual debts, and any surplus to the payment of the partnership debts. It authorizes the partnership estate to prove against the individual estates, and vice versa, and directs the assets of the partnership estate and the individual estates to be marshaled so as to prevent preferences, and secure the equitable distribution of the property of the several estates. It further provides that the property of a partnership shall not be administered in bankruptcy when less than all the members are adjudged bankrupt; and in that event the partner not adjudged bankrupt is to settle the partnership business expeditiously, and account for the interests of the adjudged bankrupt. The last provision applies to a proceeding by or against one partner, or any number less than all,

and means that the bankruptcy of one partner shall not preclude the other from settling the partnership business, and, like those immediately preceding it, is merely declaratory of a recognized equitable principle of administration in bankruptcy. Amsinck v. Bean, 22 Wall. 403, 22 L. Ed. 801; Murray v. Murray, 5 Johns. Ch. 60; Colly. Partn. 854.

We are of the opinion that it is the scheme of these provisions to treat the partnership as an entity which may be adjudged a bankrupt by voluntary or involuntary proceeding, irrespective of any adjudication of the individual partners as bankrupt, and upon an adjudication to draw to the administration the individual estates of the partners as well as the partnership estate, and marshal and distribute them according to equity. The assets of the individual estates and the debts provable against them can be ascertained without adjudicating the individual partners bankrupt. The language does not require such an adjudication. The section is silent respecting a discharge of the partners individually. It does not, by terms or by implication, preclude an adjudication of the individual partners as bankrupt in the partnership proceeding; and, if there is such an adjudication, there is nothing to prevent the partners from receiving a discharge individually, if they are otherwise entitled to it under the act. But, as the commission of an act of bankruptcy is indispensable to jurisdiction in an involuntary proceeding, the individual members cannot be adjudged bankrupts in such a proceeding who have not committed, or been participants in committing, one of the enumerated acts.

Section 5 differs significantly in its phraseology from that of the former acts in regard to the bankruptcy of partners. It takes the place of section 14 of the bankruptcy act of 1841, and of section 36 of the bankruptcy act of 1867. These sections of the earlier acts authorized an adjudication of bankruptcy of "persons who are partners in trade," instead of "a partnership"; and, while providing for the administration of the joint and separate estates substantially like section 5, provided, as section 5 does not, for granting or refusing a discharge to each partner. By the language of these acts, it was a prerequisite that all the persons comprising the partnership should be adjudged bankrupt before the warrant could issue entitling the assignee to administer the joint estate, and the provisions respecting a discharge show that such an adjudication was contemplated.

The differences indicate that congress intended that a partnership should be, for the purpose of the bankrupt act, in all respects "a person," as defined by section 1, entitled to a discharge under section 14, and subject to be adjudged a bankrupt in involuntary proceedings if it has committed any of the acts of bankruptcy specified in section 3. There are many provisions in the act which refer to the personal immunities and duties of bankrupts, and are not applicable to an entity like a partnership, but these are equally inapplicable to a corporation.

Under the former acts, there could not be an adjudication of all the partners unless a joint act of bankruptcy had been committed,

and consequently there could be no administration of the joint effects (see Redmond v. Martin, 9 N. B. R. 408, Fed. Cas. No. 11,632); and cases arose in which creditors were without an adequate remedy. It may have been the purpose of congress in the present act to cure the defect. As we interpret it, the present case affords an illustration of the better efficacy of its provisions; for, if it were necessary that Dickinson be adjudged, he could not be, as he did not participate in making the assignment, and consequently the partnership could not be adjudicated.

In the present case the partnership made a general assignment for the benefit of creditors, and by section 3 such an assignment is an act of bankruptcy, although made without preferences, without actually intending to defraud creditors, and without insolvency. In re Gutwillig, 34 C. C. A. 377, 92 Fed. 337; West Co. v. Lea, 174 U. S. 594, 19 Sup. Ct. 836.

As the assignment purported to transfer all the property of the partnership, it was a general assignment by the partnership, though, as it purported to transfer only their joint, and not their individual, property, it was but a partial assignment by the individual partners. Whether, having been made by one partner only, it was valid, void, or voidable is immaterial. Apparently the partner who did not join has ratified, by acquiescence, the act of the partner who executed it. However this may be, in denominating the making of a general assignment for the benefit of creditors an act of bankruptcy, congress did not make any distinction between valid or invalid instruments, but used terms which would reach the execution of any instrument which is, or purports to be, a general assignment. The majority of the court are of the opinion that the making of the assignment by Meyer, being an act of bankruptcy of which he was the author, entitled the creditors to an adjudication against him individually.

The appellees have insisted that the appellants are not entitled to be heard upon the questions which have been discussed. The appellants Marcuard, Krauss & Co. are creditors of the partnership; and, by the terms of section 18, any creditor may appear and plead to the petition in involuntary bankruptcy. The other appellant, Sparhawk, the assignee under the general assignment, was certainly entitled to contest the adjudication, as his title may be prejudiced by the proceeding. In re Mendelshon, 12 N. B. R. 533, Fed. Cas. No. 9,420; In re Hatje, 12 N. B. R. 548, Fed. Cas. No. 6,215; In re Bergeron, 12 N. B. R. 385, Fed. Cas. No. 1,342; In re Jack, 13 N. B. R. 296, Fed. Cas. No. 7,119; In re Williams, 14 N. B. R. 132, Fed. Cas. No. 17,706; In re Scrafford, 14 N. B. R. 184, Fed. Cas. No. 12,557. The court below permitted the appellants to intervene and be heard, and they have an undoubted right to review an adverse decision.

The adjudication of the district court is affirmed, with costs.