In re STOKES et al.

(District Court, E. D. Pennsylvania. January 26, 1901.)

No. 719.

BANKRUPTCY—PARTNERSHIP—JURISDICTION OVER ESTATE OF PARTNER.

Under Bankr. Act 1898, § 5, the adjudication of a partnership as a bankrupt draws to the court of bankruptcy for administration the individual estates of the partners, though they are not adjudged bankrupts individually; and such court may require an assignee for the benefit of creditors of one of the partners to surrender the assigned property to the trustee of the partnership, by a summary order, since such assignee does not hold adversely, but in the right of his assignor.

In Bankruptcy. On question certified by referee.

Isaac D. Yocum, for assignee.

Fred. J. Geiger, for trustee.

J. B. McPHERSON, District Judge. The referee has certified to the court a question arising upon the following facts: The partnership of Stokes Bros., composed of Thomas P. C. Stokes and John Airey, was adjudicated a bankrupt upon October 24, 1900. Before the adjudication, Stokes and Airey had each made an assignment of his individual estate in trust for creditors. On December 10th the trustee in bankruptcy asked the referee for an order directing the assignees of Stokes and Airey, respectively, to transfer to the trustee all the individual property that had come into their hands. To this petition the assignee of Airey made answer, admitting the foregoing facts, but denying the referee's power to make the order, because Airey had not been adjudicated a bankrupt, and because his own title as assignee was good until set aside by decree of this court. The referee having made the order, the question whether the order is valid has been certified.

Without deciding the point whether an adjudication could be entered in this proceeding against the individual members of the firm that has already been adjudged bankrupt, I am satisfied that the action of the learned referee was right, and that the court has the power to direct the assignee of Airey to transfer the individual property in his hands. The question has been considered by the circuit

court of appeals for the Second circuit, and their conclusion is thus stated in Re Meyer, 39 C. C. A. 368, 98 Fed. 976:

"We are of the opinion that it is the scheme of these provisions [of section 5, Bankr. Act 1898] to treat the partnership as an entity which may be adjudged a bankrupt by a voluntary or involuntary proceeding, irrespective of any adjudication of the individual partners as bankrupt, and upon an adjudication to draw to the administration the individual estates of the partners as well as the partnership estate, and marshal and distribute them according to equity. The assets of the individual estates and the debts provable against them can be ascertained without adjudicating the individual partners bankrupt. The language does not require such an adjudication. The section is silent respecting a discharge of the partners individually. It does not, by terms or by implication, preclude an adjudication of the individual partners as bankrupt in the partnership proceeding; and, if there is such an adjudication, there is nothing to prevent the partners from receiving a discharge individually, if they are otherwise entitled to it under the act. But, as the commission of an act of bankruptcy is indispensable to jurisdiction in an involuntary proceeding, the individual members cannot be adjudged bankrupts in such a proceeding, who have not committed, or been participants in committing, one of the enumerated acts."

For the argument that justifies these conclusions, the whole opinion of the court in the case cited, and the opinion of Judge Thomas in the district court, reported in Bank v. Meyer, 92 Fed. 896, may be consulted.

I assent to the propositions just quoted, with the reservation already stated, and need only add that the power of the court to make a summary order seems to me to be equally plain. The assignee of Airey does not hold the assigned property by an adverse title. He is the mere hand of the assignor for distribution, and is to be treated upon this application precisely as the assignor himself would have been treated. I think there can be no doubt about the court's authority to compel Airey by summary order to transfer his individual property to the trustee, and consequently that a similar power exists to compel his assignee to make a like transfer. In re Smith (D. C.) 92 Fed. 135.

The order of the referee is affirmed.