# IN RE L. P. DORIA Y ANGUERA AND L. P. DORIA, Bankrupts.

---

### BANKRUPTCY—PARTNERSHIP.

1. Under the present bankrupt law a partnership in liquidation may be declared a bankrupt, although the individual members may be solvent.
2. Where there is no showing that the creditors released any of the partners from liability, even though the partners may for a consideration have made an agreement between themselves that one of them shall assume all the liabilities, all of them are still liable to the creditors.

January 26, 1904.

---

*Mr. C. M. Boerman* for the petitioner.

*Messrs. Pettingill & Leake* for Anguera.

HOLT, Judge, delivered the following opinion:

In the former order herein, by an oversight, it was recited that the petition herein asked that Luis Porrata Doria be adjudged a bankrupt. It only asked it as to the firm of L. P. Doria y Anguera. The referee adjudged not only the firm, but each of the partners, L. P. Doria and Geronimo Anguera, bankrupts. The previous order herein recited that the adjudication of L. P. Doria as a bankrupt should stand, but it was set aside as to Geronimo Anguera and the firm of Doria y Anguera. Since then the defendant Anguera has pleaded. The petitioner, L. P.

Re Doria y Anguera.

Doria, has amended the petition, asking that he be adjudicated a bankrupt as well as the firm. The case is now submitted for the proper adjudication. Adjudication of L. P. Doria as a bankrupt is allowed to stand, owing to the amended petition. The prior order of the court as to Geronimo Anguera, setting aside the adjudication as to him, is also to stand.

Section 5 of the present bankrupt law provides that a partnership may be declared a bankrupt. The prior bankrupt law, to wit, § 36 of the bankrupt law of 1867, provided only for the bankruptcy of the partners as individuals. The present law, therefore, is unlike the former one. Under it a partnership is' a legal entity. It is a joint relation, where the identity of the partners as individuals has been lost, and therefore the partnership and the partners are distinct entities. Collier, Bankr. p. 61; Re Meyer, 39 C. C. A. 368, 98 Fed. 976; Re Sanderlin, 109 Fed. 857.

Under the present law a firm as such may be bankrupt, and be so declared, although the individual members may be solvent. It is true each individual partner, both by the common law and by article 127 of the Code of Commerce, is liable *in solido* for the firm debts; but yet the firm, either during its continuance or after its dissolution, but before its settlement, may under the bankrupt law be adjudged a bankrupt. This proceeds probably upon the idea that the partnership assets go first to pay the partnership debts.

The firm of Doria y Anguera was formed March 17th, 1897. It was dissolved August 8th, 1902, and the partner L. P. Doria assumed all the debts of the firm in consideration of assets received by him; but there is no showing that the creditors released Anguera from liability for their debts.

In this case the firm *eo nomine* is petitioning to be declared

## Re Doria y Anguera.

bankrupt, and it is now so adjudged; thus leaving this case, with L. P. Doria and the partnership of Doria y Anguera adjudged bankrupts, for further proper proceedings.