## In re J. M. CEBALLOS & CO. et al.

### (District Court, D. New Jersey. April 27, 1908.)

BANKRUPTCY—PARTNERSHIP—PROCEEDINGS BY PARTNER—OBJECTING PARTNERS—INDIVIDUAL DEBTS AND PROPERTY—SCHEDULES.

General Bankruptcy Order 8 (32 C. C. A. xi) provides that any partner, who refuses to join in a petition to have the firm declared bankrupt, may resist the prayer of the petition as if filed by a creditor, and make all defenses which he is entitled to make by the provisions of the act; and in case an adjudication is made on the petition, such objecting partner shall be required to file schedule of debts and inventories of his property in such manner as is required by the act in cases of debtors against whom adjudication of bankruptcy shall be made. *Held,* that where a firm and a petitioning partner are adjudged bankrupts against the protest of objecting partners, the latter may be properly required to file a schedule of their individual debts and an inventory of their individual property, though they themselves, having committed no act of bankruptcy, could not be adjudged bankrupts as individuals.

In Bankruptcy. On motion for order to file schedules.

William Osgood Morgan, for the motion.

R. V. Lindabury, opposed.

LANNING, District Judge. The petitioning partner, Anderson C. Wilson, and the partnership of J. M. Ceballos & Co. have recently been adjudged bankrupt. Adjudication of bankruptcy against the objecting copartners, Juan M. Ceballos and John S. Fiske, as individuals, was denied. Application is now made by the petitioning partner for an order directing each of the two objecting copartners to file a schedule of his individual debts and an inventory of his individual property. The application is made under the last clause in General Order 8 (32 C. C. A. xi) in Bankruptcy. On the argument I stated (speaking from memory only) that the last clause of that General Order was new, and formed no part of General Order 18, under the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517). In that statement I was in error. The full text of each of these orders is as follows:

General Order 18 under the act of 1867:

"In case one or more members of a copartnership refuse to join in a petition to have the firm declared bankrupt, the parties refusing shall be entitled to resist the prayer of the petition in the same manner as if the petition had been filed by a creditor of the partnership, and notice of the filing of the petition shall be given to him in the same manner as provided by law and by these rules in the case of a debtor petitioned against; and he shall have the right to appear at the time fixed by the court for the hearing of the petition, and to make proof, if he can, that the copartnership is not insolvent, or has not committed an act of bankruptcy, and to take all other defenses which any debtor proceeded against is entitled to take by the provisions of the act; and in case an adjudication of bankruptcy is made upon

the petition, such copartner shall be required to furnish to the marshal, as messenger, a schedule of his debts and an inventory of his property, in the same manner as is required by the act in cases of debtors against whom adjudication of bankruptcy shall be made."

General Order 8 (32 C. C. A. xi), under the act of 1898 (Act July 1, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]):

"Any member of a partnership, who refuses to join in a petition to have the partnership declared bankrupt, shall be entitled to resist the prayer of the petition in the same manner as if the petition had been filed by a creditor of the partnership, and notice of the filing of the petition shall be given to him in the same manner as provided by law and by these rules in the case of a debtor petitioned against: and he shall have the right to appear at the time fixed by the court for the hearing of the petition, and to make proof, if he can, that the partnership is not insolvent or has not committed an act of bankruptcy, and to make all defenses which any debtor proceeded against is entitled to take by the provisions of the act; and in case an adjudication of bankruptcy is made upon the petition, such partner shall be required to file a schedule of his debts and an inventory of his property in the same manner as is required by the act in cases of debtors against whom adjudication of bankruptcy shall be made."

Under the act of 1867 a partnership was not regarded as a legal entity in the sense in which the courts regard it under the act of 1898. Although General Order 18 referred to the procedure in a case where one or more members of a copartnership refused to join a petitioning partner in a petition to have "the firm declared bankrupt," the only way of obtaining an adjudication against a "firm" under the act of 1867 was by having all the copartners so adjudged. This is clearly shown by the provisions of that act. Section 11 provided that in a voluntary case the petitioner should annex to his petition a verified schedule of his debts and an inventory of his property; section 42 provided that in an involuntary case the bankrupt should file such schedule and inventory; and section 36 provided that where two or more persons being partners in trade should be adjudged bankrupt "all the joint stock and property of the copartnership, and also all the separate estate of each of the partners," should be taken, excepting the parts by that act exempted from seizure. General Order 18 provided a method for enforcing the act in partnership cases, where a petition was filed by less than all the partners. It required each nonjoining partner, where the "firm" —that is, all the partners—were adjudged bankrupt, to furnish "a schedule of his debts and an inventory of his property in the same manner as is required by the act in cases of debtors against whom adjudication of bankruptcy shall be made."

I think General Order 8 has the same effect. In Chemical National Bank v. Meyer (D. C.) 92 Fed. 896, where there was a petition by creditors to have the firm of Meyer & Dickinson, and the partners Henry L. Meyer and Joseph R. Dickinson as individuals, adjudged bankrupt, adjudication was made as to the firm and Henry L. Meyer. No adjudication was made against Joseph R. Dickinson as an individual, for the reason that he had committed no act of bankruptcy, but it was held that he was a proper party to the proceeding. The decree of adjudication was affirmed by the Circuit

Court of Appeals of the Second Circuit. See In re Meyer, 98 Fed. 976, 39 C. C. A. 368. In the opinion of the latter court, Judge Wallace, after referring to the provisions of section 5 of the bankruptcy act, said:

"We are of the opinion that it is the scheme of these provisions to treat the partnership as an entity, which may be adjudged a bankrupt by voluntary or involuntary proceeding, irrespective of any adjudication of the individual partners as bankrupt, and upon an adjudication to draw to the administration the individual estates of the partners, as well as the partnership estate, and marshal and distribute them according to equity. The assets of the individual estates and the debts provable against them can be ascertained without adjudicating the individual partners bankrupt. The language does not require such an adjudication. The section is silent respecting a discharge of the partners individually. It does not, by terms or by implication, preclude an adjudication of the individual partners as bankrupt in the partnership proceeding; and, if there is such an adjudication, there is nothing to prevent the partners from receiving a discharge individually, if they are otherwise entitled to it under the act. But, as the commission of an act of bankruptcy is indispensable to jurisdiction in an involuntary proceeding, the individual members cannot be adjudged bankrupts in such a proceeding, who have not committed, or been participants in committing, one of the enumerated acts."

In the Stokes Case (D. C.) 106 Fed. 312, Judge McPherson, of this circuit, followed the doctrine of the Meyer Case, and held that the trustee of a bankrupt partnership was entitled to an order requiring the assignees of the partners, who had conveyed their individual assets for the benefit of their creditors, to transfer such individual assets to the trustee. And in Dickas v. Barnes, 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654, where the District Court had adjudged a partnership, and some, but not all, of its partners as individuals, bankrupt, and where the District Court had made an order that "all parties hereto found to be partners as aforesaid, whether or not adjudged bankrupts, shall each file with the referee as required by law his or her schedule of debts and inventory of properties in the same manner as if adjudged bankrupts," the language of the Circuit Court of Appeals of the Sixth Circuit shows approval of the order, notwithstanding the appeal was dismissed for irregularity in the manner of carrying up the order for review by the Circuit Court of Appeals.

Following the doctrine of these authorities, the order now applied for will be granted.