## In re LATTIMER et al.

(District Court, E. D. Pennsylvania. December 8, 1909.)

### No. 2,217.

1. BANKRUPTCY (§ 149*)—PARTNERSHIP—INDIVIDUAL ESTATE.

Adjudication of a partnership as a bankrupt draws to the court of bankruptcy for administration the individual estate of the partners, though they are not adjudicated bankrupts individually, and the court may compel a partner to transfer his individual property to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig. § 149.*]

2. BANKRUPTCY (§ 136*)—PARTNERSHIP—INDIVIDUAL PROPERTY—TRANSFER TO TRUSTEE—NECESSITY.

Where, in bankruptcy proceedings against a firm, it had been determined by the referee and District Court that F. was a partner, and, pending appeal for the determination of such question to the Circuit Court of Appeals, mortgage foreclosure proceedings were instituted in the state court for the sale of certain individual real estate belonging to F., in which he had an estimated equity of $17,500, it was proper for the bankruptcy court to compel a transfer of such property to the trustee, with

---

power to sell the same at any time prior to the date fixed for the sale in the state courts, that such equity might be conserved.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

**3. BANKRUPTCY (§ 217*)—PROCEEDINGS IN STATE COURT—INTERFERENCE.**

Where, pending bankruptcy proceedings against a firm, mortgage foreclosure proceedings were instituted in the state court against property of one of the partners, the bankruptcy court had no power to interfere therewith.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 340; Dec. Dig. § 217.*]

In the matter of William H. Lattimer and others, under their several aliases, individually and trading as the Provident Investment Bureau, alleged bankrupts. On rule to compel a transfer of certain property of Stanley Francis to the trustee in bankruptcy. Granted.

See, also, 141 Fed. 665.

Edgar J. Pershing and George Wharton Pepper, for trustee.

Henry J. Scott, for Stanley Francis.

HOLLAND, District Judge. The question here is whether or not the court has power to require Stanley Francis, who is one of the individuals trading under the firm name of Provident Investment Bureau, which has been declared a bankrupt, or Henry J. Scott, his stakeholder, to transfer the individual property of Francis to the trustee of the bankrupt partnership. By an agreement, dated April 17, 1906, between counsel for the bankrupt firm and the attorney for Mr. Francis, all the property, real and personal, was placed in the possession of Henry J. Scott, Esq., until the determination of certain questions then under consideration in the courts. Mr. Scott still has possession of this real estate and the rents collected by him since the time the property came under his control. This real estate, consisting of a lot about 57 feet 8 inches by 120 feet, with the building thereon erected, situate on the south side of Sansom street, a distance of 100 feet 4½ inches eastward from the east side of Fifth street, in the city of Philadelphia, is incumbered to the extent of about $62,500, and the depositions show that an estimated value of the same is about $80,000, showing a probable equity of about $17,500.

We learn from the petition that it is the trustee's desire that Mr. Scott be required to state an account and to deliver into the possession of the trustee the above-mentioned real estate and the balance of personal property in his hands, and that an order of sale of the real estate be made for the purpose of marshaling the said proceeds under the direction of this court and applying them to the payment of the debts which are by law chargeable against the same. It has not been finally determined by the Circuit Court of Appeals that Stanley Francis is one of the partners who was trading in the firm name of the bankrupt; but the referee and the District Court have held that he is such a partner, and there seems to be good grounds, as a matter of fact, why this order should be made at this time requiring the transfer of this real estate. So far as the record shows there is no especial reason assigned

why there should be such an order made at this time; but at the argument of the case counsel for the petition urged that it was necessary that the transfer of the property should be made at once, as foreclosure proceedings have been instituted upon a mortgage on this real estate, and the sale is advertised for June 10, 1910, and that possession of the property by the trustee of the bankrupt firm is necessary to protect the equity which it is claimed exists. Counsel for Mr. Francis conceded the existence of these facts, but denied that they created any necessity for a transfer. In this we think the petitioner's counsel right, and that it would be for the best interest of all parties concerned to put the trustee in bankruptcy in such position as would enable him to save whatever equity might exist; so that as to the real estate, at least, such an order should be made, if this court has the power to do so.

The questions as to whether the adjudication of a partnership as a bankrupt draws to the court of bankruptcy for administration the individual estate of the partners, and whether a summary order can be made to assign such property to the trustee of the partnership, has been considered in this and other circuits. In Re Meyer, 98 Fed. 976, 39 C. C. A. 368, the Circuit Court of Appeals of the Second Circuit holds the affirmative view; and in the Eighth Circuit, the Appellate Tribunal in the Bertenshaw Case, 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 19 Am. Bankr. Rep. 577, recently decided, holds the opposite view, and denies the right of the court in bankruptcy to make such an order. In this district, however, we do not think the questions are open for discussion, as Judge McPherson, in Re Stokes (D. C.) 106 Fed. 312, following the decision of the Circuit Court of Appeals in the Second Circuit in Re Meyer, supra, decided that:

"The adjudication of a partnership as a bankrupt draws to the court of bankruptcy for administration the individual estate of the partners, though they are not adjudicated bankrupts individually, * * * and the court may, by summary order, compel a partner to transfer his individual property to the trustee."

This view, taken by Judge McPherson in that case, we think should be followed in this district so long as it has not been overruled or modified by our Court of Appeals; and we hold, upon the authority of the Stokes Case, that the power to make such an order is vested in the District Court. See, also, Collier on Bankruptcy (9th Ed.) pp. 116, 125.

We are not convinced that there is any necessity for the transfer of all the individual property of Francis; but we do think that the pleadings, together with the admissions made at the argument, show that there is a substantial reason why the real estate should be put in the possession of the trustee of the bankrupt firm, with power to sell the same at any time prior to the date fixed for the public sale in the state courts, as we do not think we have any power to interfere with that.

The question as to what claims or costs can be taken out of any sum arising from this real estate, and the question as to whom the fund shall eventually be paid, can be hereafter determined. The important

matter now is the possession of the real estate by the trustee to enable him to protect the alleged existing equity for distribution to whatever claims or parties it may eventually be determined shall be entitled thereto.

A decree may be drawn accordingly and submitted to this court.