In re SAMUELS et al.

Appeal of VALENTINE.

(Circuit Court of Appeals, Second Circuit.   July 2, 1914.)

No. 249.

**1.** BANKRUPTCY (§ 69*)—PARTNERSHIP—ENTITY.

Under Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544, 547, 548 [U. S. Comp. St. 1901, pp. 3418, 3424]) §§ 1, 5, relating to bankruptcy proceedings against partnerships, a partnership is treated as an entity for at least some purposes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 51–53, 56; Dec. Dig. § 69.*]

**2.** BANKRUPTCY (§ 54*)—PARTNERSHIP—MEMBERS OF FIRM—SOLVENCY.

A partnership cannot be adjudged a bankrupt so long as any of its members are individually solvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 54, 84, 85; Dec. Dig. § 54.*]

**3.** BANKRUPTCY (§ 90*)—PARTNERSHIP—SECRET PARTNERS—MEMBER OF FIRM—ADJUDICATION—JURISDICTION.

In bankruptcy proceedings against a firm, the bankruptcy court has jurisdiction to inquire and determine whether an alleged secret partner is or is not a member of the firm, and, if he is, whether he is solvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 124;   Dec. Dig. § 90.*]

**4.** BANKRUPTCY (§ 81*)—PARTNERSHIP—SECRET PARTNER—OBLIGATION TO FILE SCHEDULES OF DEBTS AND LIABILITIES.

In bankruptcy proceedings against a firm, a creditor's petition against an alleged secret partner, asking that he be required to file schedules of his assets and liabilities on the theory that he was a member of the firm and liable for its debts, could not be sustained under Bankruptcy Act, § 59, providing the method by which creditors can proceed to have a person adjudged a bankrupt;   there being no claim that the alleged partner was insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125;   Dec. Dig. § 81.*]

**5.** BANKRUPTCY (§ 15*)—PROCEEDINGS AGAINST PARTNERSHIP—SECRET PARTNER—TRIAL OF ISSUE—DUTY TO FILE SCHEDULES—JURISDICTION.

Bankruptcy Act, § 21a, provides that a court of bankruptcy, on application of any officer, bankrupt, or creditor, may, by order, require any designated person to appear in court or before a referee and be examined concerning the acts, conduct, or property of the bankrupt, whose estate is in process of administration under the act.   *Held*, that neither under such section nor independent thereof did a bankruptcy court have jurisdiction of a creditor's petition in proceedings against a firm to try the question of an alleged secret partner's membership in the firm against his will, and to compel him to file schedules of assets and liabilities.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 21;   Dec. Dig. § 15.*]

**6.** BANKRUPTCY (§ 149*)—PARTNERSHIP—PROCEEDINGS AGAINST SECRET PARTNER.

A bankruptcy court in proceedings against a partnership has no jurisdiction to administer on the estate of an alleged secret partner without declaring him a bankrupt or finding him insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229;   Dec. Dig. § 149.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**7. BANKRUPTCY (§ 90\*)—COURTS—JURISDICTION—PARTNERSHIP—PROCEEDINGS. AGAINST PARTNER.**

When no petition in bankruptcy has been filed against an alleged secret partner as an individual, and he asserts under oath that he is not a partner, he cannot be summarily adjudged such on an inquiry before a referee in bankruptcy to which he does not consent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 124; Dec. Dig. § 90.\*]

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on a petition to review and appeal from an order of the District Court of the United States, Southern District of New York, entered October 14, 1913 (207 Fed. 195). An involuntary petition in bankruptcy was filed on August 6, 1912, against Jacques Samuels and Benjamin Lesser individually and as copartners composing the firm of Samuels & Lesser. The name of the firm was by mistake incorrectly stated in the petition, and was subsequently corrected by a nunc pro tunc order describing the firm as Abrahams & Lesser. The subpoena issued upon this petition was served upon Samuels and Lesser, neither of whom interposed any answer, and on April 25, 1913, an order of adjudication was entered on default. Thereafter Edward F. Quinn, an alleged creditor of the firm of Abrahams & Lesser, moved in the District Court to compel Moses M. Valentine to file schedules of his assets and liabilities, upon the theory that he was in the firm and as such liable for its debts. Upon this motion Valentine filed an answer objecting to the jurisdiction of the court to adjudge him a bankrupt, or to determine his solvency, or to determine the issue of partnership in this proceeding, and denying that he was a partner and objecting to the sufficiency of the petition in bankruptcy, and setting up that the petitioner was not a party to the proceeding in bankruptcy and had brought suit upon his alleged claim against the appellant in a state court. The District Judge ordered that the matter be referred to a special master for examination and report, and required the said Valentine to do certain things, as will more fully appear in the opinion.

Weschler & Kohn, of New York City (Abram I. Elkus and Wesley S. Sawyer, both of New York City, of counsel), for appellant.

Grenville Clark, of New York City (Elihu Root, Jr., of New York City, of counsel), for Edward F. Quinn and Alexander S. Webb, as trustees in bankruptcy.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The question which this court must determine in this suit is whether the Bankruptcy Court, in the administration of the estate of a partnership which has been adjudged a bankrupt, has jurisdiction, upon a petition which does not ask that a third person be adjudged a bankrupt, or allege that he has committed an act of bankruptcy or is insolvent, and which makes no application for his examination concerning the acts, conduct, or property of the bankrupt, to determine whether such third person is a member of the firm, and if it finds that he is, can administer upon his estate. If it has no such right, then it cannot, upon such a petition, require a disclosure of such third person's assets and liabilities, and the District Court was without power to make the order respecting which this appeal was taken.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

It will be conceded that if a member of a partnership becomes bankrupt, that fact does not subject the partnership to adjudication in bankruptcy, or give the bankruptcy court jurisdiction over the partnership property. But if the partnership becomes bankrupt, does the bankruptcy court have the right to draw to itself and apply to the payment of the partnership creditors the individual property of a partner who has not been adjudged a bankrupt?

The Bankruptcy Act in section 1 provides that the word "person," when used in the act shall include partnerships. The same section also declares that:

"A person shall be deemed insolvent within the provision of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed * * * with intent to defraud * * * shall not at a fair valuation, be sufficient in amount to pay his debts."

Section 5a declares that:

"A partnership, during the continuation of the partnership business or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt."

Section 5c declares that:

"The court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property."

And section 5h reads as follows:

"In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

[1] A partnership is certainly treated in the Bankruptcy Act as an entity for certain purposes. In Francis v. McNeal (1912) 228 U. S. 695, 700, 33 Sup. Ct. 701, 702 (57 L. Ed. 1029), the Supreme Court, through Mr. Justice Holmes, said in referring to certain provisions of the Bankruptcy Act:

"No doubt these clauses taken together recognize the firm as an entity for certain purposes. * * * But we see no reason for supposing that it was intended to erect a commercial device for expressing special relations into an absolute and universal formula, a guillotine for cutting off all the consequences admitted to attach to partnerships elsewhere than in the bankruptcy courts. On the contrary, we should infer from section 5, clauses 'c' through 'g,' that the assumption of the Bankruptcy Act was that the partnership and individual estates both were to be administered, and that the only exception was that in 'h,' 'in the event of one or more, but not all of the members of a partnership being adjudged bankrupt.'"

There are many decisions that a partnership is not insolvent within the meaning of the Bankruptcy Act unless all its members are insolvent. As said by Judge Lowell in 1904, in Re Forbes (D. C.) 128 Fed. 137, 139, the rule that there can be no bankruptcy of a partnership without bankruptcy of all the partners (save in exceptional cases) is based, not upon the words of the statute, but upon general principles of law.

"It is impossible," he said, "to declare a partnership insolvent so long as the partners are able to pay its debts and theirs, whether out of joint or separate estate, and so the courts have generally held that a partnership is not insolvent unless by the insolvency of all its partners."

And in Vaccaro v. Bank of Memphis, 103 Fed. 436, 442, 43 C. C. A. 279, 285 (1900), decided in the Sixth Circuit by Judges Lurton, Day, and Severans, the first two of whom have since become members of the Supreme Court of the United States, in an opinion written by Judge Lurton, the law was stated as follows:

"The question as to whether a partnership is to be regarded as such an entity or persona as to justify an adjudication of bankruptcy against it as such, and irrespective of any adjudication of bankruptcy against its individual members, is one not free from difficulties, many of which are suggested by the learned opinion of Judge Hammond in this case. This question need not now be decided, for we are of the opinion that there can be no adjudication of the bankruptcy of the firm of A. Vaccaro & Co., or of B. Vaccaro and A. B. Vaccaro as partners, unless it is shown that the partnership and the individuals which composed the firm are insolvent. Apart from any consequences arising out of the death of A. Vaccaro, it cannot be doubted but that the insolvency of the firm and of every member would have to be averred and shown before the firm could be adjudicated bankrupt. This was the settled ruling under the Massachusetts insolvency law of 1838, upon which much of the bankrupt act of 1898 seems to have been modeled. Hanson v. Paige, 3 Gray [Mass.] 239. The reason for the requirement is that every member of a partnership is liable in solido for all of the firm debts, regardless of any agreement between the partners. The fact that the individual debts of the members of the firm are to be first paid out of the individual assets does not affect the question of individual liability. There is a sense in which a firm may be said to be insolvent where the joint property is insufficient to pay the joint debts. But if, in fact, there is a partner whose individual estate is ample to pay the firm debts, as well as his own, the firm is not insolvent under a law which defines insolvency as a condition where the property of the debtor at a fair valuation is insufficient to pay his debts."

The question came before the Eighth Circuit in 1907, in Re Bertenshaw, 157 Fed. 363, 371, 85 C. C. A. 61, 69, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986, and an opinion, contrary to that announced in Vaccaro v. Bank of Memphis, supra, was delivered by Judge Sanborn. After calling attention to the principle announced in the Vaccaro Case, he said:

"The proposition itself is utterly inconsistent with the principle established by the uniform current of authority that a partnership is a distinct entity, separate from the partners who compose it, under the act of 1898, and the two propositions cannot both logically stand together. * * * When, however, the act of 1898 made the partnership a person, required its consideration, adjudication, and the administration of its property as a distinct entity, and declared it insolvent when its property was insufficient to pay its debts, the tests of insolvency under the insolvency law of Massachusetts and the Bankruptcy Act of 1867 were inapplicable to cases under it, and the only test was that declared by the act itself, the insufficiency of the property of the person, the partnership, to pay the person's, the partnership's, debts."

Each of these divergent views has found support in the courts. But it is not necessary to marshal the authorities or to enter upon a consideration of the reasons upon which they are based for the purpose of ascertaining which of the two theories should be accepted. That is made unnecessary by the opinion of the Supreme Court of the

United States in the recent case of Francis v. McNeal, supra. In that case the Court said:

"So far as Vaccaro v. Security Bank of Memphis, 103 Fed. 436, 442 [43 C. C. A. 279], is inconsistent with the opinion of the majority in Re Bertenshaw, 157 Fed. 363 [85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986], we regard it as sustained by the stronger reasons and as correct."

[2] We must therefore accept it as established law that a partnership is not bankrupt so long as any of the members who compose it is individually solvent.

In the case at bar the partnership of Abrahams & Lesser was adjudged bankrupt, and so were the two known partners. But at the time of the adjudication it was not known that Valentine was a member of the partnership; his relation to the firm not having been disclosed. He was therefore not joined in the petition which was filed against the firm and his copartners, or alleged copartners. If he is a partner and is solvent, then the firm to which he belongs is not bankrupt, when the act of bankruptcy charged is one involving insolvency, for the combined partnership and individual assets would suffice to pay the partnership debts.

[3] If under such circumstances the bankruptcy court has no right to inquire and determine whether one, who is alleged to be a secret partner of the firm against which bankruptcy proceedings are pending, is or is not a member of the firm, and, if he is, whether he is solvent, then certainly the court is left in an anomalous and even an extraordinary situation. That it is possessed and must be possessed of such power we cannot doubt. And we must proceed to inquire whether the proper proceedings have been taken as against Valentine, the alleged secret partner, to enable the court to enter upon the inquiry. The proceedings taken were as follows: A creditor of the bankrupt firm filed a petition in the bankruptcy court in which it was alleged that the petitioner was informed and believed "that Moses M. Valentine up to the time of the proceedings in bankruptcy herein, and for some time previous thereto, was a dormant or secret partner in said copartnership." He also alleged that the sources of his information and the grounds of his belief were summarized and set forth in the affidavit of one Clark, which he annexed to and made a part of his petition. He concluded the petition by asking that the court grant an order directing Valentine to "file a schedule of his debts and an inventory of his property in the same manner as is required in cases of debtors against whom adjudication of bankruptcy has been made." Notice was served on Valentine that a motion would be made for an order directing him "as a partner in said firm of Abrahams & Lesser" to file a schedule of his debts and an inventory of his property. Thereupon Valentine filed an answer, in which he alleged that he had never been a member of the firm of Abrahams & Lesser, and had never been interested therein, and that he was solvent. The answer also declared that he did not "submit himself to the jurisdiction of the court, nor has he at any time submitted himself to such jurisdiction, for the purpose of being himself adjudicated a bankrupt, or for the purpose of having his solvency or insolvency passed upon, or for the purpose of

having his alleged partnership with the above-named bankrupts determined in this proceeding, and he respectfully reserves the right to object to the jurisdiction of this court to determine the question of his alleged partnership with any of the above-named bankrupts or the said bankrupt firm and to adjudge him a bankrupt."

The Bankruptcy Act in section 59b provides as follows:

"Three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to five hundred dollars or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt."

And section 59d provides as follows:

"If it be averred in the petition that the creditors of the bankrupt are less than twelve in number, and less than three creditors have joined as petitioners therein, and the answer avers the existence of a large number of creditors, there shall be filed with the answer a list under oath of all the creditors, with their addresses, and thereupon the court shall cause all such creditors to be notified of the pendency of such petition and shall delay the hearing upon such petition for a reasonable time, to the end that parties * * * shall have an opportunity to be heard; if upon such hearing it shall appear that a sufficient number have joined in such petition, or if prior to or during such hearing a sufficient number shall join therein, the case may be proceeded with, but otherwise it shall be dismissed."

[4] It is evident that the creditor Quinn in filing his petition was not proceeding under section 59. That section provides a method by which creditors can proceed to have a person adjudged a bankrupt, but the petition in question does not ask to have Valentine adjudged a bankrupt, and does not assert that he is insolvent, and does not allege facts which are sufficient to justify a single creditor in filing the petition under the foregoing section.

[5] But can the petition be sustained under section 21a? That provision reads as follows:

"A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person including the bankrupt and his wife, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act: Provided, that the wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt."

Under this provision the court is empowered upon application of any creditor, "by order" to require "any designated person" to appear and be examined "concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration." The petition clearly is not authorized under section 21a. That section intended to provide a searching and summary method for the discovery of hidden assets, not only by the examination of the bankrupt, but of other witnesses. The proceeding it authorizes is meant to assist the trustee in discovering and collecting the assets. The section confers authority upon the trustee or any creditor of the estate to apply for the examination of any person. The person to be examined cannot object to being sworn and examined on the ground that no issue has been made

up for determination, neither can he object that there is no fact in dispute. The simple object is to obtain information as to the bankrupt's property. Under this provision a petitioning creditor might have asked the court to issue an order for the examination of Valentine concerning "the acts, conduct, or property" of the bankrupt firm, with the view of ascertaining whether or not he was a secret member of that partnership and had in his possession assets available to the creditors.

The application of the petitioning creditor in this case was not in terms made to compel Valentine to submit to an examination concerning "the acts, conduct, or property of the bankrupt," but it simply asked that he be compelled to file schedules of his assets and liabilities as if he had been adjudged a bankrupt. The petition was not framed under section 21a, and the course pursued respecting it was not the course usually adopted in such cases, when an application is made for an examination of a witness under this section. The practice is upon the coming in of an application made to the court under this provision for the court to make an order directing the designated person to appear before the referee or special master "to be examined concerning the acts, conduct, and property of the bankrupt," and that due service of the order by copy be made upon such person. But in this case Valentine was served with a notice that an application was to be made to the court for an order to compel him to file an inventory of his property "in the same manner as is required in cases of debtors against whom adjudication of bankruptcy has been made." We find nothing in the Bankruptcy Act which warrants any such method of procedure. Section 21a simply authorizes the creditor to apply for an *examination* of a person designated in the application.

Valentine appeared pursuant to the notice and objected to the jurisdiction of the court, denied under oath that he was a member of the bankrupt firm, and denied that he was insolvent. But the court issued an order directing that the question be referred to a special master for examination, testimony and report as to whether Valentine was a partner in the firm of the bankrupts, and further providing that, in the event that the said special master reported that Valentine was a partner, he should, within 10 days after the filing of the report and its confirmation by the court, file a schedule of his debts and an inventory of his property as provided for in the Bankruptcy Act. We fail to find upon the facts as disclosed in this record that the court had any jurisdiction over Valentine, or any authority to make any such order. The counsel for appellees in our opinion misapprehended the question involved upon the record. In his brief and in the argument he stated that:

"The precise question on this appeal is whether or not the Bankruptcy Court has jurisdiction merely to inquire whether a nonbankrupt partner has a surplus over individual debts, which should go toward the payment of firm debtors."

But this does not appear to us to be the question. The application made to the court below, as appears from what has already been said, was not in terms an application to inquire into anything. The court below thought that:

"The only question open is whether Valentine was in fact a partner at the time of the petition. Upon that he is not entitled to a jury, as I understand the theory, because although this court administers his estate, it does not declare him a bankrupt, and need not even find him insolvent. His only recourse, if he would escape such administration, is to pay off the firm creditors."

[6] We are satisfied that the court was in error in thinking it had jurisdiction upon the application submitted to it to make the order it did, or that it possessed any right to administer upon Valentine's estate without declaring him a bankrupt or finding him insolvent. It has undoubtedly been held in some cases that the bankruptcy court can administer upon the estate of nonbankrupt partners. Dickas v. Barnes, 140 Fed. 850, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654; In re Ceballos & Co. (D. C.) 161 Fed. 445; Matter of Lattimer (D. C.) 174 Fed. 824; In re Junck & Balthazard (D. C.) 169 Fed. 481; In re Stokes (D. C.) 106 Fed. 312. · But these cases proceed upon the theory that a firm may be bankrupt although some of its members remain solvent. And this theory, as we have pointed out already, appears to be contrary to the view entertained by the Supreme Court in the recent case of Francis v. McNeal, supra.

[7] It would be much more accurate to say that the question whether, when no petition in bankruptcy has been filed against him, an individual who asserts under oath that he is not a partner can be summarily adjudicated a partner on an inquiry before a referee in bankruptcy to which he does not consent. Such a question must be answered in the negative.

What would or would not happen if he were a partner may be interesting, but that question is not now before us.

The decree is reversed, with costs.