## In re HANSLEY & ADAMS.

(District Court, S. D. California, S. D.   January 3, 1916.)

No. 1560.

**1. BANKRUPTCY ⬤➾100—ADJUDICATION—CONSTRUCTION.**

An order of the bankruptcy court, providing that, the petition of a copartnership having been heard and duly considered, it was thereby declared and adjudged a bankrupt, was not an adjudication that the members of the partnership were bankrupts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ⬤➾100.]

**2. BANKRUPTCY ⬤➾69—ADJUDICATION AGAINST PARTNERSHIP—NECESSITY OF ADJUDGING PARTNERS BANKRUPTS.**

While a partnership cannot be adjudged a bankrupt without a finding that the members of the partnership are insolvent, it may be declared bankrupt without at the same time declaring the partners to be bankrupt, as bankruptcy and insolvency are different things under the statute (Act July 1, 1898, c. 541, § 5, 30 Stat. 547 [Comp. St. 1913, § 9589]), and the statute provides that a partnership may be declared a bankrupt and contains no limitation in this regard.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 51–53, 56; Dec. Dig. ⬤➾69.]

**3. BANKRUPTCY ⬤➾42—VOLUNTARY PROCEEDINGS—PARTNERSHIP.**

One partner may petition to have the partnership declared a voluntary bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 39; Dec. Dig. ⬤➾42.]

**4. BANKRUPTCY ⬤➾42—INVOLUNTARY PROCEEDINGS—SUFFICIENCY OF PETITION.**

Under a petition by one member of a partnership to have the partnership and its members adjudged bankrupts, a nonpetitioning member of the partnership cannot be adjudged a bankrupt, and the only method of instituting an involuntary proceeding is by a petition of creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 39; Dec. Dig. ⬤➾42.]

**5. BANKRUPTCY ⬤➾149—ADMINISTRATION OF ESTATE OF PARTNERSHIP AND MEMBERS.**

Where a partnership is adjudicated a bankrupt and one of its members is not declared a bankrupt, the partnership trustee may be authorized to take possession of the assets of such member and administer them; they being subject to the payment of partnership debts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig. ⬤➾149.]

In the matter of Hansley & Adams, a copartnership, bankrupt. On motion to vacate the adjudication and counter motion to adjudicate the members of the partnership bankrupt nunc pro tunc. Motion to vacate denied, and adjudication made nunc pro tunc as to Adams.

Frank C. Hill and Lynden Bowring, both of Los Angeles, Cal., for H. A. Hansley.

Cass & Shelton, of Los Angeles, Cal., for J. E. Adams.

W. T. Craig, of Los Angeles, Cal., and Swaffield & Swaffield, of Long Beach, Cal., for trustee.

TRIPPET, District Judge.  [1] Hansley and Adams were partners.  J. E. Adams, one of the partners, filed a petition to have the partnership and himself declared bankrupts, alleging the proper jurisdictional facts.  The petition also alleged that H. A. Hansley resided in the district and was insolvent.  The prayer of the petition is that the partnership, and the members thereof, be declared bankrupts. Hansley opposed the proceedings.  Upon the findings of a special master, an order was made in the matter, in the words and figures following:

"At Los Angeles, in said district, on the 7th day of June, A. D. 1915, before the Honorable Benjamin F. Bledsoe, judge of said court in bankruptcy, the petition of Hansley & Adams, a copartnership, that it be adjudged a bankrupt within the true intent and meaning of the acts of Congress relating to bankruptcy, having been heard and duly considered, the said Hansley & Adams, a copartnership, is hereby declared and adjudged a bankrupt accordingly."

This is not an adjudication that the members of the partnership are bankrupt.

Hansley now moves the court to vacate the adjudication on the ground that there has been no order adjudicating H. A. Hansley and J. E. Adams bankrupts.  The contention is made that the partnership cannot be adjudged bankrupt without, at the same time, adjudging the individual members of the partnership bankrupts.

[2, 3]  The statute provides that a partnership may be declared bankrupt.  A partnership is an entity to that extent.  The statute does not impose the condition that the partners shall be declared bankrupt at the same time as the partnership.  It is plain that the partnership may be declared a voluntary or involuntary bankrupt.  There is no limitation in the statute in this regard.  It is well settled that one partner may petition to have the partnership declared a voluntary bankrupt. It is undoubtedly necessary, except in certain cases, that the court should determine that the members of the partnership are insolvent; otherwise the partnership would not be bankrupt.  Bankruptcy and insolvency are different things under the statute.  There are many instances that could be stated that would defeat the statute authorizing a partnership to be declared bankrupt, if it were necessary before doing so to adjudicate the members thereof bankrupts.  The language of the statute does not justify an inference that Congress meant that a partnership could not be declared bankrupt without adjudication of the partners to be bankrupt.  The motion aforesaid will be denied for the reasons stated.

There is a counter motion in the cause that an adjudication of the members of the partnership be now made and that the adjudication be entered nunc pro tunc.  As to J. E. Adams, the petitioner, an adjudication will be made declaring him to be a bankrupt, and ordering that such adjudication be entered nunc pro tunc, as of the 7th day of June, 1915.  The better practice is to file a separate petition, i. e., one for the partnership and one for each partner who desires to go through bankruptcy, but the practice adopted here has been approved. In re Meyer, 98 Fed. 979, 39 C. C. A. 368; In re Farley (D. C.) 115 Fed. 359.

[4, 5] There are authorities to the effect that a proceeding like this might be regarded as an involuntary proceeding as to the nonconsenting partner. There is only one method in the statute for the institution of an involuntary bankruptcy proceeding, namely, by the petition of a creditor or creditors, stating certain jurisdictional facts. No such petition has been filed herein, and from the master's report it does not appear that Hansley is indebted to the amount of $1,000, and therefore he could not be declared an involuntary bankrupt. The individual assets of Hansley are assets that are subject to the payment of the partnership debts, and an order will be made that the trustee elected by the creditors of the partnership take possession of said assets and administer them, unless, upon proper procedure, Hansley is declared a bankrupt, and his creditors elect a trustee. The opinion in Re Bertenshaw, 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986, to the effect that the trustee elected by the partnership creditors cannot administer the estates of the members, has been disapproved by the Supreme Court, and section 5 clearly contemplates this procedure. General Order No. 8 (89 Fed. vi, 32 C. C. A. vi) provides for this course.

Before arriving at the foregoing conclusions, I examined the following authorities: Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029; Still's Sons v. American National Bank, 209 Fed. 749, 126 C. C. A. 473; In re Samuels, 215 Fed. 845, 132 C. C. A. 187; In re Forbes (D. C.) 128 Fed. 137; Vaccaro v. Security Bank of Memphis, 103 Fed. 436, 43 C. C. A. 279; In re Bertenshaw, 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986; In re Meyer, 98 Fed. 979, 39 C. C. A. 368; and many others.