## In re FULLER et al.

(Circuit Court of Appeals, Second Circuit. June 10, 1925.)

### No. 324.

Bankruptcy ⊝100(1)—Dormant partner in bankrupt partnership is not concluded by adjudication before he was brought into proceeding, but new adjudication is necessary.

Dormant partner in bankrupt partnership, brought in as new party after adjudication, is not concluded thereby, leaving only issue of his membership in firm to be determined, but new adjudication is necessary.

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Edward M. Fuller and William F. McGee, individually and as partners, bankrupts. Albert H. Benhard and others appeal from and petition to revise an order of the District Court, denying a petition to amend a petition and adjudication in bankruptcy against E. M. Fuller & Co. by adding the name of Charles H. Stoneham. Affirmed.

See, also, 294 F. 71, and 9 F.(2d) 553.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (William M. Chadbourne and Carroll R. Ward, both of New York City, of counsel), for appellants.

Max D. Steuer and Samuel Gottlieb, both of New York City, for appellee.

Before ROGERS, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge. This appeal raises the validity of the order which denied the petition of April 25, 1924, mentioned in the companion cause decided along with this. The facts may be found by referring to that opinion. The question is whether, if Stoneham was in fact a dormant partner, he is concluded by the adjudication, so that the only issue left open to him is his membership in the firm.

It is a wholly different thing to say that a dormant partner may be brought into bankruptcy proceedings as a new party, and that he is bound by the earlier adjudication, if he was in fact such a partner. Perhaps that might be true, if the firm were regarded as an entity and its solvency dependent upon the sufficiency of the firm assets alone. We need not consider how far in such a case the dormant partner, having knowledge of the proceedings, might be held in privity with the partners named and so concluded.

The difficulty with any such theory is that the issue of insolvency wholly changes when a new partner is introduced. The allegation in a petition that two members of a firm are insolvent, including as it must their separate estates, as well as the firm assets, becomes irrelevant when a third member is added. No matter how conclusively a dormant partner is estopped by such an adjudication, no adjudication of bankruptcy of the new firm can follow from it, because that presupposes a quite different determination.

Whatever may have been our earlier views, in Re Meyer, 98 F. 976, 39 C. C. A. 368, we are now precluded by Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, from taking any other view of partnership insolvency than that the issue is the sufficiency of all the individual estates and the firm assets. Indeed, we very clearly indicated, though we did not decide, in Re Samuels, 215 F. 845, 132 C. C. A. 187, that a new adjudication of bankruptcy was necessary, when there was a dormant partner. Any other view must treat the original petition as alleging, not only that the estates of the named partners and the firm assets were insufficient, but that the same was true if one added the estates of whatever unknown and dormant partners might chance to be discovered. That would be plainly an absurdity, and no such evidence would have been admissible on the trial of such a petition.

As to the acts of bankruptcy we agree that the point is more doubtful. Whether a dormant partner is a privy, and estopped as to such issues by the adjudication in a proceeding which he might have joined, and which was plainly intended to reach the whole firm, we do not find it necessary to say. If so, it is evidence by an estoppel of record, and there may be technical difficulties in using it as such in a proceeding which must end, if successful, in its suppression as a judgment. We think it unnecessary to engage in such niceties now. Ordinarily acts of bankruptcy are not a difficult part of the proof, and the petitioners may find it desirable on the trial to avoid treacherous questions of law by proving these anew. In order to affirm this order, it is enough that the issue of insolvency as now alleged was never pleaded, never proved, and never adjudicated. No degree of privity to any other issue is of the slightest moment.

Order affirmed.